UNITED STATES of America, Plaintiff-Appellee,

v.

Mary ORIS, Defendant-Appellant.

No. 78–5624.

United States Court of Appeals, Fifth Circuit.

July 6, 1979.

Rehearing and Rehearing En Banc Denied Aug. 24, 1979.

Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Ralph N. Person, Linda C. Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH and VANCE, Circuit Judges, and BOOTLE,* District Judge.

AINSWORTH, Circuit Judge:

Mary Oris appeals her conviction for violating 8 U.S.C. § 1326, which provides in pertinent part that "[a]ny alien who has been . . . excluded and deported, and thereafter . . . is at any time found in, the United States . . . shall be guilty of a felony," unless before "his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission." Oris challenges the sufficiency of the evidence supporting the jury's verdict and attacks the district judge's jury instructions. She also contends that the trial court erred in admitting a government exhibit into evidence and in allowing the jury to read the indictment, because both documents referred to aliases that she had allegedly used. We reject these assertions and affirm.

Following a hearing on June 14, 1976, an immigration judge ordered Oris excluded and deported from the United States. The order became effective in October 1976 and on October 22, 1977, an officer of the Immigration and Naturalization Service (INS) escorted Oris to an airport and placed her aboard a plane bound for Ireland. On March 22, 1978, Oris, traveling under an Irish passport in the name of Hanora Mary Russell, was again found within the United States. A search of INS files under "Mary Oris" and additional names representing combinations of other names which appellant had used at various times found no record of her seeking the Attorney General's consent to her reapplication for admission. Indicted on four counts of assorted immigration law violations,[1] Oris was convicted on one count of violating 8 U.S.C. § 1326 and sentenced to 18 months in prison.

■ Oris first contends that the evidence was insufficient to withstand her motion for judgment of acquittal, since "there was no lawful prior deportation." She asserts that her 1977 deportation was invalid, because the Government violated its own regulations by failing to obtain a warrant of deportation, and urges that an essential element of the section 1326 offense was there-

---

* District Judge of the Middle District of Georgia, sitting by designation.

1. The district judge dismissed the three other counts before trial.

fore lacking. This argument is without merit. Although the INS must get a warrant of deportation to *arrest* and deport an alien, no warrant is required when the alien is, like Oris, *excluded* and deported, *see* 8 C.F.R. §§ 236–37.

■ Next, Oris contests the sufficiency of the evidence as to proof that the Attorney General did not consent to her reapplication for admission to the United States. She urges that a search limited to INS records was inadequate to establish conclusively the absence of that consent. Because the INS is the branch of the Justice Department to which the Attorney General has delegated his responsibilities over immigration matters, the jury could reasonably conclude that any expression of the Attorney General's consent would appear in the INS files. Evidence regarding other Justice Department records was unnecessary. Oris also stresses the failure of the INS to check its files under "Hanora Mary Russell," the name appearing on her Irish passport. But the INS examined its records for an application from Mary Oris, the name under which appellant was excluded and deported, and from nine additional names representing combinations of other names by which she had also been known, including *"Mary Nora Hanora Russell."* In light of this evidence of the thorough search of INS files, we do not believe that "the jury must necessarily have had a reasonable doubt" that the Attorney General did not consent to a reapplication for admission from Oris. *United States v. Franklin,* 5 Cir., 1978, 586 F.2d 560, 567.

■ Oris further asserts that the trial judge charged the jury erroneously with regard to the essential elements of the offense. The judge identified those elements as follows: "(1) That at the time alleged in the indictment, the defendant was an alien; (2) That the defendant was excluded and deported from the United States in pursuance of law, on or about October 22, 1977; and (3) That thereafter and on or about March 22, 1978, the defendant was found *unlawfully present --- as charged.*" (emphasis added) Oris argues that the district

court erred in failing to include as an essential element "the non-consent of the Attorney General." However, because she did not object to the instructions at trial, as required by Fed.R.Crim.P. 30, our review is limited to a search for plain error, with inquiry focused on "whether [the] contested part of the charge is so erroneous that when considered in the totality of the charge as a whole and the evidence as presented against . . . appellant, the error is so great as to result in the likelihood of a grave miscarriage of justice." *United States v. Franklin, supra,* 586 F.2d at 569. After considering "the context of the entire charge," *United States v. Brasseaux,* 5 Cir., 1975, 509 F.2d 157, 162, we find no such probability of great injustice. The trial judge instructed the jurors that to reach a guilty verdict, they had to determine that Oris was found "unlawfully present" in the United States "as charged." The indictment clearly charged Oris with being present without the Attorney General's permission, and the question whether the Attorney General had consented to a reapplication for admission from Oris was a major issue throughout the trial.

■ Finally, Oris contends that the district court erred in admitting into evidence a government exhibit certifying the search of INS records and in allowing the jury to view the indictment, because both documents contained assorted names representing alleged aliases which had not been linked to her by any testimony adduced at trial. We find no reversible error. Identity was a central issue in the trial, with the Government required to establish that appellant was the Mary Oris who had been excluded and deported in 1977 and that she had not obtained the Attorney General's consent to reapply for admission. Furthermore, the fact that Oris had used several other names was proven or, in some instances, admitted at trial and the great majority of the aliases included in the indictment and government exhibit were simply variations of these names. The exhibit certifying the search of INS records demonstrated the thoroughness of the Government's attempt

to prove that Oris had not received the Attorney General's consent. The Government concedes in its brief that three of the aliases were presented to the jury without any evidentiary basis, but given the established fact that Oris had been known by other names and the need conclusively to determine her identity, we conclude that admitting the exhibit into evidence and allowing the jury to read the indictment did not cause any prejudice to appellant's substantial rights.

AFFIRMED.