**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carlos BERNAL–GALLEGOS,
Defendant-Appellant.**

No. 83–1702
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1984.

R. Clark Adams, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

Ricardo Gonzalez, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Carlos Bernal-Gallegos (Bernal-Gallegos) appeals from his conviction for violating 8 U.S.C. § 1326, Reentry of Deported Alien. We affirm.

The facts are uncontested. On February 7, 1974, Bernal-Gallegos, a Mexican citizen, was arrested and deported from the United States. Thereafter, on July 17, 1983, he was found in this country unlawfully, without any documents authorizing his presence and without having obtained the consent of the Attorney General to enter the country. Bernal-Gallegos admits that he was a Mexican citizen when he illegally entered the United States on July 16, 1983. He was indicted and convicted for illegal reentry into the United States, in violation of 8 U.S.C. § 1326, and received a two-year sentence with six months to be served.

On appeal, Bernal-Gallegos contends that when Congress amended the civil statute, Title 8, U.S.C. § 1182(a)(17),[1] an alien was no longer excluded from admission into the United States if his deportation occurred more than five years prior to his reentry. Consequently, he asserts, because he was not excluded from entry under 8 U.S.C. § 1182(a)(17), he did not violate § 1326.[2] We conclude that § 1182(a)(17) does not modify § 1326 and that Bernal-Gallegos was properly convicted of violating § 1326.

Section 1182(a)(17) is a civil statute governing the provision of visas; its legislative history does not reveal an intent to amend the provisions of § 1326. U.S.Code Congressional and Administrative News, 97th Congress, First Session 1981, Vol. 3, pp. 2577, 2589. In contrast, § 1326 is a criminal statute intended to punish aliens who had previously been deported, and are subsequently found in the country unlawfully. See *United States v. Oris*, 5th Cir., 598 F.2d 428, 430, *cert. denied*, 444 U.S. 945, 100 S.Ct. 304, 62 L.Ed.2d 313 (1979), *United States v. Wong Kim Bo*, 466 F.2d 1298, 1303 (5th Cir.1972).

The interplay between §§ 1182 and 1326 can best be demonstrated by applying them to concrete facts. If, prior to July 1983, defendant in this case had applied to the immigration service for a visa, and had he met all other requirements, he would have been eligible to receive a visa without special permission of the Attorney General since his deportation occurred more than five years before his visa application. If, however, defendant had been deported less than five years before applying for a visa, he would not have been eligible for a visa without permission from the Attorney General.

If, in this case defendant had obtained a visa, he would have been in the country lawfully and not subject to conviction under § 1326. He neither obtained a visa nor received the permission of the Attorney General to enter and he was therefore properly convicted of violating 8 U.S.C. § 1326.

AFFIRMED.

---

1. Section 1182(a)(17) provides:
   (a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
   
   \* \* \* \* \* \*
   
   (17) Aliens who have been arrested and deported, or who have fallen into distress and have been removed pursuant to this chapter or any prior act, or who have been removed as alien enemies, or who have been removed at Government expense in lieu of deportation pursuant to section 1252(b) of this title, and who *seek admission within five years of the date of such deportation or removal,* unless prior to their embarkation or reembarkation at a place outside the United States of their attempt to be admitted from foreign contig-

   uous territory the Attorney General has consented to their applying or reapplying for admission; (emphasis added)

2. Section 1326 provides:
   Any alien who—
   (1) has been arrested and deported ... and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, unless
   (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or
   (B) ... unless such alien shall establish that he was not required to obtain such advance consent ... shall be guilty of a felony.