UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Guadalupe BLANCO–GALLEGOS,
Defendant–Appellant.

No. 98–50136.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1999

Memorandum Filed April 1, 1999

Order and Opinion[1] Filed Aug. 23, 1999

---

21. Lewis Carroll, *Alice's Adventures in Wonderland* 146 (Random House 1946).

1. The dissent filed April 1, 1999, is hereby withdrawn. A revised dissent is being transmitted concurrently with this Opinion and Order Redesignating Memorandum Disposition to an Opinion.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Virginia A. Black (On the Briefs), Assistant United States Attorney; and George D. Hardy (Argued), Assistant United

**1074**

States Attorney, San Diego, California, for the plaintiff-appellee.

Before: D. W. NELSON, KOZINSKI, and TROTT, Circuit Judges.

Opinion by Judge TROTT; Partial Concurrence and Partial Dissent by Judge D.W. NELSON.

## ORDER

The memorandum disposition filed April 1, 1999, is redesignated as an authored opinion by Judge Trott, and the dissent filed April 1, 1999, is withdrawn. A revised dissent will be filed with the opinion.

## OPINION

TROTT, Circuit Judge:

### OVERVIEW

Jose Guadalupe Blanco–Gallegos ("Blanco–Gallegos") appeals his conviction and sentence for attempting to reenter the United States after deportation in violation of 8 U.S.C. § 1326. Blanco–Gallegos argues that: (1) there was insufficient evidence at trial to prove that the Attorney General had not consented to his application for reentry into the United States; (2) the district court erred in admitting into evidence proof that Blanco–Gallegos had been convicted of an aggravated felony; (3) the district court erred by assessing criminal history points for the aggravated felony under U.S.S.G. § 4A1.2; and (4) the district court erred in refusing to award an additional one-point reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

### BACKGROUND

Blanco–Gallegos is a citizen of Mexico who legally entered the United States as a permanent resident. After being convicted of possessing a controlled substance for sale and for engaging in lewd acts with a child, however, Blanco–Gallegos lost his permanent residence status and was deported in 1994. He illegally reentered the United States and was deported again in 1996. The day after this 1996 deportation, Blanco–Gallegos entered the San Ysidro Port of Entry and falsely claimed to be a United States citizen, born in Puerto Rico. When the border authorities discovered his true identity, Blanco–Gallegos was arrested for attempting to reenter the United States after deportation in violation of 8 U.S.C. § 1326. After waiving his Miranda rights, Blanco–Gallegos told the INS officers that he was a citizen of Mexico, had no legal right to be in the United States, and had been deported the day before.

Blanco–Gallegos was indicted under § 1326 for his attempted reentry. At trial, the district court admitted into evidence a stipulation between the government and Blanco–Gallegos, which provided that Blanco–Gallegos had been convicted of an aggravated felony. Blanco–Gallegos's defense was that he did not intend to reenter the United States, but had gotten drunk and accidentally walked into the port of entry. The jury rejected this defense, and Blanco–Gallegos was convicted.

At sentencing, the district court granted Blanco–Gallegos a two-level reduction in offense level for acceptance of responsibility but refused to award him an additional reduction for providing timely and complete information concerning his role in the offense. This appeal followed.

### I. Sufficiency of the Evidence

 To establish a case of attempted illegal reentry after deportation, the government must prove that the Attorney General had not consented to the alien's application for reentry. Blanco–Gallegos argues that there was insufficient evidence to support this element of the crime. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements beyond a reasonable doubt. *United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir.1998).

■ At trial, the government offered a "certificate of non-existence," which stated that Blanco–Gallegos's INS A–File,[2] which contains the records of Blanco–Gallegos's contacts with the United States, did not include a request for permission to reapply. The government also offered testimony from an INS agent who stated that it was the INS's duty to keep complete records on all aliens having contact with the United States, and that the A–File contained the records of Blanco–Gallegos's contacts with the United States. Viewing this evidence in the light most favorable to the government, a reasonable jury could have concluded that the Attorney General had not consented to Blanco–Gallegos's reentry into the United States. *See Scantleberry–Frank,* 158 F.3d at 617; *United States v. Oris,* 598 F.2d 428, 430 (5th Cir. 1979).

Blanco–Gallegos argues that this evidence only proves that the INS did not have a record of an application for reentry, not that the Attorney General had not consented to reentry. Blanco–Gallegos's argument ignores the fact that the INS is the Attorney General's agency for dealing with immigration issues. *See* 8 C.F.R. §§ 2.1, 103.1(f)(3)(iii)(E), 103.1(g)(3)(iii)(B). The Attorney General has specifically delegated her authority to adjudicate applications for permission to reapply for admission into the United States to the INS. *See* 8 C.F.R. §§ 103.1(f)(3)(iii)(E), 103.1(g)(3)(iii)(B). Additionally, aliens seeking permission to reapply for admission into the United States are required to submit an application to an INS consular officer. *See* 8 C.F.R. § 212.2(b). Because the INS is the Attorney General's agent

for immigration matters and specifically for processing applications for permission to reapply for admission into the United States, the jury could reasonably infer from the lack of an application in the INS's A–File that no such application existed. As the Fifth Circuit said in *Oris,* "[b]ecause the INS is the branch of the Justice Department to which the Attorney General has delegated his responsibilities over immigration matters, the jury could reasonably conclude that any expression of the Attorney General's consent would appear in the INS files. Evidence regarding other Justice Department records was unnecessary." 598 F.2d at 430.[3]

## II. Prior Felony Conviction

■ Blanco–Gallegos next argues that the district court erred in admitting a stipulation between the prosecution and defense counsel, which provided that "on or about August 29, 1986, defendant was convicted of an aggravated felony." The district court's decision to admit evidence of prior crimes or bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence is reviewed for an abuse of discretion. *Nelson,* 137 F.3d at 1106.

■ Although the district court's decision to admit evidence of Blanco–Gallegos's prior felony conviction was in line with then-existing Ninth Circuit law, *see United States v. Gonzalez–Medina,* 976 F.2d 570, 572 (9th Cir.1992), admitting evidence of a prior felony conviction has since been held to be erroneous. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998); *United States v. Alviso,* 152 F.3d 1195, 1199 (9th Cir.1998). The district court therefore erred in admitting evidence of Blanco–Gallegos's prior felony conviction. However, in this case, any

---

**2.** "An INS A–File identifies an individual by name, aliases, date of birth, and citizenship, and all records and documents related to the alien are maintained in that file." *United States v. Scantleberry–Frank,* 158 F.3d 612, 617 (1st Cir.1998).

**3.** In *Scantleberry–Frank* the First Circuit likewise held that absence, in the INS's files, of the Attorney General's consent to reapplication was sufficient to prove the Attorney General had not consented to the alien's reapplication for admission. 158 F.3d at 617. We agree.

prejudice caused by admission of the stipulation was more probably than not harmless. *See id.*

Although admission of evidence that a defendant had been convicted of an aggravated crime always carries a risk of prejudice, *Almendarez–Torres,* 118 S.Ct. at 1226, in this case any prejudice to Blanco–Gallegos was minor and sanitized. Indeed, the fact that Blanco–Gallegos was convicted of a prior aggravated felony could not have been introduced in a more sanitized way. The nature of the aggravated felony for which Blanco–Gallegos was convicted was not discussed. The prior conviction was only mentioned three times during the trial: once when the stipulation was entered into the record, once in the prosecution's closing when explaining why Blanco–Gallegos had been deported, and once again in the prosecution's closing when reviewing each element of the charged crime. The government did not suggest Blanco–Gallegos's credibility was impaired or that his testimony should not be believed because he had been convicted of an aggravated felony.

Additionally, the evidence of Blanco–Gallegos's guilt in this case was overwhelming. At trial, Blanco–Gallegos's only defense was that he was voluntarily intoxicated and had no intention of entering the United States. However, when he entered the port of entry, Blanco–Gallegos did not say he had made a mistake or try to turn around and exit the building. Instead, Blanco–Gallegos entered the port of entry, waited in line, approached an INS agent, told the INS agent that he was a United States citizen, born in Puerto Rico, and, when asked for identification, gave the INS officer an invalid social security card and drivers license. This social security card was entered into evidence. Only after he was taken to a secondary area for questioning did Blanco–Gallegos admit to being a citizen of Mexico who had been deported. In light of this evidence, the jury was able to reject the unsubstantiated, self-serving, and thoroughly unpersuasive defense of Blanco–Gallegos that his voluntary intoxication prevented him from forming the necessary intent.

**III. Double Counting a Prior Cocaine Conviction in Sentencing**

■ Blanco–Gallegos argues that the district court erred in assessing both a sixteen-level increase in offense level and three criminal history points for a single criminal conviction. A district court's interpretation of the sentencing guidelines is reviewed de novo. *United States v. Bailey,* 139 F.3d 667, 667 (9th Cir.1998).

■ Pursuant to § 1326(b)(2) and based on his conviction for possession of a controlled substance for sale, Blanco–Gallegos's offense level was increased sixteen levels. Blanco–Gallegos was also given three criminal history points for that same conviction. Blanco–Gallegos argues that because this conviction was used to increase the offense level, it should not be used to increase his criminal history level as well. After Blanco–Gallegos filed his appeal, but before oral argument, we rejected that argument in *United States v. Luna–Herrera,* 149 F.3d 1054, 1055 (9th Cir.1998). We follow that decision in this case. The commentary to § 2L1.2 of the Sentencing Guidelines specifically provides that "[a]n adjustment under subsection (b) . . . [deportation of defendant after a prior felony conviction] applies in addition to any criminal history points added for such conviction." U.S.S.G. § 2L1.2, cmt. 4. The district court did not err in following this plain language.

**IV. Acceptance of Responsibility**

■ Finally, Blanco–Gallegos argues that the district court erred in refusing to grant him an additional one-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). "Whether a defendant is entitled to an adjustment based on acceptance of responsibility is a factual determination reviewed for clear error." *United States v. Villasenor-Cesar,* 114 F.3d 970, 973 (9th Cir.1997).

The district court awarded a two-level reduction in offense level under § 3E1.1(a) for acceptance of responsibility. That determination was not appealed. Therefore, the only issue is whether Blanco–Gallegos satisfied one of the two options under § 3E1.1(b) for the additional one-point reduction in offense level. A defendant qualifies for the one-point reduction under (b)(1) "if he timely provides complete information." *United States v. Stoops*, 25 F.3d 820, 823 (9th Cir.1994). The key inquiry for § 3E1.1(b) is whether the confession was complete and timely. *United States v. Eyler*, 67 F.3d 1386, 1391 (9th Cir.1995). At the time of his arrest, Blanco–Gallegos gave a statement which admitted all of the elements of the charged crime. Although not used at trial, this statement was timely and complete. Blanco–Gallegos was therefore entitled to the additional one-point reduction in offense level under § 3E1.1(b).

The government argues that Blanco–Gallegos recanted his statement and forced the government to prepare for trial. Those facts are relevant to the initial two-point reduction under § 3E1.1(a), but that issue was not appealed. Once the two-point reduction under § 3E1.1 has been awarded, the only question is timeliness and completeness, and Blanco–Gallegos's statement was complete and timely. We therefore reverse the district court's decision denying the additional one-point reduction under § 3E1.1(b).

V. Conviction for Violating 8 U.S.C. § 1326(b)(2)

Blanco–Gallegos was convicted of violating 8 U.S.C. §§ 1326(a) and (b)(2). After Blanco–Gallegos's conviction, the Supreme Court held that § 1326(b)(2) is a sentencing factor and not a separate criminal offense. *See Almendarez–Torres*, 118 S.Ct. at 1226. On remand, the district court shall apply *Almendarez–Torres* to Blanco–Gallegos's conviction on this count. *See Alviso*, 152 F.3d at 1199.

CONCLUSION

Blanco–Gallegos's conviction under 8 U.S.C. § 1326(a) is affirmed. The case is remanded for reconsideration of Blanco–Gallegos's conviction under 8 U.S.C. § 1326(b)(2) and for resentencing in conformity with this opinion.

With these amendments, Judges Kozinski and Trott vote to deny the petition for rehearing. Judge Nelson would grant the petition. Judges Kozinski and Trott would deny the petition for rehearing en banc, and Judge Nelson so recommends. The petition for rehearing and the petition for rehearing en banc are DENIED.

AFFIRMED IN PART; REVERSED and REMANDED IN PART.

D.W. NELSON, Dissenting in part, Concurring in part.

Because I think that the panel has underestimated the risk of prejudice and overstated the strength of the government's case, I respectfully dissent from the portion of the panel's opinion holding that the error was harmless. It is undisputed that the district court's admission of the stipulation that Blanco–Gallegos had been convicted of an aggravated felony, which was referenced at several points during the trial, was error. *See United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir.1998). I am compelled to dissent because the government has failed to carry its burden of proving that the prejudice was harmless. *See id.*

First, I disagree with the majority's assertion that "any prejudice to Blanco–Gallegos was minor and sanitized." This conclusion is at odds with the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Court emphasized that it has "long recognized" that "the introduction of evidence of a defendant's prior crimes risks *significant* prejudice." *Id.* 118 S.Ct. at 1226 (emphasis added). The Court went on to caution that:

Even if a defendant's stipulation were to keep the name and details of the previous offense from the jury, jurors would still learn, from the indictment, the judge, or the prosecutor, that the defendant had committed an *aggravated* felony. . . . [T]here can be no question that evidence of the *nature* of the prior offense, here, that it was aggravated or serious, carries a risk of unfair prejudice to the defendant.

*Id.* (internal quotation marks and citation omitted). Therefore, the fact that Blanco–Gallegos could have been prejudiced to an even greater extent by introducing more details about his prior conviction in no way diminishes the seriousness of the risk of prejudice created by admitting the nature of his prior offense.

Second, the error was not harmless because the admission of the prior conviction likely undermined Blanco–Gallegos' credibility. In order to prove that Blanco–Gallegos attempted to reenter the United States, the government had to prove every element of the crime beyond a reasonable doubt, including that Blanco–Gallegos possessed the specific intent to enter the United States. *See United States v. Hadley,* 918 F.2d 848, 853 (9th Cir.1990) ("[A]ttempt includes an element of specific intent even if the crime attempted does not.") (internal quotation marks and citation omitted). Blanco–Gallegos' defense was that he drank an extreme amount of alcohol in the hours prior to the alleged attempt to reenter and thus was too intoxicated to form specific intent. *Cf. United States v. Sneezer,* 900 F.2d 177, 180 (9th Cir.1990) (defendant was entitled to present defense of voluntary intoxication to negate specific intent element). I fail to see how the majority can characterize the evidence as "overwhelming" as it relates to this element. Although Blanco–Gallegos may have offered no evidence other than his own testimony, the government offered no evidence directly contradicting Blanco–Gallegos' specific intent defense. The jury's assessment of the specific intent element thus hinged on its evaluation of Blanco–Gallegos' credibility.

Contrary to the majority's argument, Blanco–Gallegos' defense was not too far-fetched for a jury to accept. The fact that Blanco–Gallegos initially stated that he was from Puerto Rico does not necessarily contradict his intoxication defense. The evidence at trial demonstrated that claiming Puerto Rican heritage to an immigration inspector well-versed in different Hispanic accents was an implausible means of obtaining entry to the U.S. In fact, the immigration inspector immediately recognized that Blanco–Gallegos, who is Mexican, did not have a Puerto Rican accent. In light of Blanco–Gallegos' unequivocal testimony that he was drunk and never intended to enter the U.S., the jury could have reasonably concluded that his statement about Puerto Rico was a clumsy comment consistent with his claim that he was not "thinking straight." Ultimately, the jury's resolution of this element boiled down to a credibility determination, and the admission of Blanco–Gallegos' aggravated felony conviction unfairly slanted it in the government's favor.

Our decision in *United States v. Garcia–Orozco,* 997 F.2d 1302 (9th Cir.1993), is instructive. In *Garcia–Orozco,* we reversed a conviction because the defendant's prior conviction had been erroneously admitted, and his "defense rested largely on his own testimony." *Id.* at 1305. We concluded that the admission of the prior conviction "more than likely affected the jury's measure of Garcia–Orozco's credibility." *Id.* In light of the centrality of Blanco–Gallegos's credibility in this case and the Supreme Court's admonition in *Almendarez–Torres,* I cannot agree with the majority's conclusion that the error was harmless. I therefore dissent in part.