**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco ESTRADA–MARTINEZ,**
**Defendant–Appellant.**

No. 00–50190.

D.C. No. CR–99–00890–H.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 21, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The ALJ found that there were no exertional limitations.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Francisco Estrada–Martinez ("Estrada") was convicted of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and was sentenced to 60 months in prison. He appeals his conviction and his sentence. We vacate the sentence and remand.

### I

The parties are familiar with the facts, and we need not discuss them.

Customs Inspector ("CI") Gary Phillips testified on cross-examination: "Prior to the March 12th, 1999 seizure and subsequent arrest of Mr. Estrada, he indicated he had brought through three or four other trailers for Mr. Acosta which he believed may have been loaded. That's a fair assessment." Estrada's counsel made a continuing objection to evidence regarding Estrada's statements about earlier border crossings.

Estrada's counsel moved for a mistrial, claiming that CI Phillips' responses violated Federal Rule of Evidence 404(b), which provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The court denied the mistrial motion, and Estrada appeals.

We review for an abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 981 (9th Cir.1999), *cert. denied,* 530 U.S. 1220, 120 S.Ct. 2230, 147 L.Ed.2d 260 (2000).

### II

"The doctrine of invited error prevents a defendant from complaining of an error that was his own fault.... [A]ppellant's counsel solicited the testimony

of this circuit except as may be provided by 9th Cir. R. 36–3.

which he now claims should have been excluded.... A defendant cannot have it both ways. This was invited error and therefore not grounds for reversal." *United ed States v. Reyes–Alvarado,* 963 F.2d 1184, 1187 (9th Cir.1992) (citations omitted). Estrada's counsel asked a vague question which invited the challenged testimony. He asked CI Phillips whether Estrada said he "got the impression that the truck was loaded." When CI Phillips asked which time he was referring to, counsel said "ever" twice, and then asked: "Did [Estrada] ever say in your presence that he got, quote, the impression, end quote, that the trailer was loaded, end quote?" It was logical for CI Phillips to think that "ever" referred to any and all times Estrada said he thought the trailers he transported were "loaded" with drugs, and CI Phillips' answer that Estrada said he had previously transported three or four "loaded" trailers was in line with the questioning. The testimony was invited error, and it was not an abuse of discretion to deny the motion for a mistrial.

### III

■ Estrada also argues that the verdict was coerced. "Whether a judge has coerced a jury's verdict is a mixed question of law and fact which we review de novo. We consider whether the court's actions were coercive under the totality of circumstances." *Rodriguez v. Marshall,* 125 F.3d 739, 748 (9th Cir.1997) (citation omitted).

■ We see no sign of coercion in this case. The jury deliberated for no more than three hours, and then sent a note to the judge that it could not reach a verdict. The next day, the judge simply asked the jurors to continue deliberations, and they reached a verdict five hours later. "Whether the comments and conduct of the ... judge infringed defendant's due process right to an impartial jury and fair

trial turns upon whether the trial judge's inquiry would be likely to coerce certain jurors into relinquishing their views in favor of reaching a unanimous decision." *Jiminez v. Myers,* 40 F.3d 976, 979 (9th Cir.1994) (per curiam) (citations and quotation marks omitted).

The judge did not inquire into the nature of the disagreement or changes in the split in the vote; did not inquire into numerical divisions; and did not urge the jury to reach unanimity. The bulk of the deliberations took place after the court sent the jurors back to deliberate, and therefore "the timing fails to suggest coercion." *United States v. Daas,* 198 F.3d 1167, 1180 (9th Cir.1999), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 468 (2000).

### IV

Estrada appeals his sentence. The district court awarded a two-level reduction for acceptance of responsibility, but declined to award an additional one-level reduction "because the Government had to go to the time and effort to present the trial." Estrada appeals the failure of the court to award an additional reduction.

■ We review for clear error. *United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.), *cert. denied,* 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000).

■ "Once the two-point reduction under § 3E1.1 has been awarded, the only question is timeliness and completeness." *United States v. Blanco–Gallegos,* 188 F.3d 1072, 1077 (9th Cir.1999). If the defendant admits to all the elements of the offense in a timely manner, the third level reduction is mandatory. *Corona–Garcia,* 210 F.3d at 980.

## A.

■ After his arrest Estrada admitted that when Pedro Acosta told him the trailer was "loaded," he thought that there were drugs in the trailer, and that he thought the drug was marijuana. He admitted to transporting the trailer across the border into the United States *with the knowledge that it contained drugs*, confessing all the elements of the crime. *See* 21 U.S.C. § 960.

The government argues that Estrada did not deserve an additional level of reduction because he moved to suppress his confession, pleaded not guilty, and claimed at trial that his admission of knowledge was mistranslated. Estrada's attempt to suppress his confession and his decision to go to trial are "irrelevant" to the question whether a third level of reduction is due under § 3E1.1(b)(1). *Corona–Garcia*, 210 F.3d at 980.

## B.

■ The government also argues that the additional one-level reduction was not required because new details about the involvement of others emerged at trial. The record makes clear that Estrada gave a complete account of all the elements of *"his own* involvement" (emphasis added), as required by § 3E1.1(b). This section does not require the defendant to give every detail of the possible involvement of others.

## C.

■ The government argues that Estrada is not entitled to the additional one-level reduction because after trial Estrada stated to the probation officer that he thought there were only 100 pounds of marijuana. The government asks us to consider *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). These cases put the burden on the government in certain cases to prove the amount of drugs to a jury beyond a reasonable doubt. They do not require a defendant seeking a third level reduction for acceptance of responsibility to include a correct estimate of the amount of drugs in his confession.

## V

Estrada is entitled to an additional one-level adjustment. We affirm Estrada's conviction but vacate his sentence and remand for resentencing.

AFFIRMED, VACATED AND RE-MANDED.