**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin HERNANDEZ–GALVEZ,**
**Defendant–Appellant.**

No. 00–50281.

D.C. No. CR–99–01056–AHM–1.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Martin Hernandez–Galvez appeals his 30–month sentence following his guilty-plea conviction for conspiracy, in violation of 18 U.S.C. § 371, and fraud and misuse of documents, in violation of 18 U.S.C. § 1546(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Hernandez–Galvez contends that the district court erred by denying the additional one-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(1) (1998).[3] We review the district court's denial for clear error. *See United States v. Blanco–Gallegos,* 188 F.3d 1072, 1076 (9th Cir.1999).

Because the district court granted the two-level adjustment under section 3E1.1(a), Hernandez–Galvez was entitled to the additional adjustment if he timely provided complete information to the government concerning his involvement in the offenses. *See* U.S.S.G. § 3E1.1(b)(1); *United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.), *cert. denied,* 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000) (concluding that the additional point is mandatory if a defendant makes a complete and timely confession).

■ Our review of the record demonstrates that the information provided by Hernandez–Galvez at the time of his arrest lacked the requisite completeness concerning his involvement in the conspiracy to warrant the section 3E1.1(b)(1) adjustment. *See United States v. Eyler,* 67 F.3d 1386, 1392 (9th Cir.1995) (indicating that information is considered complete if a defendant provides the requisite information regarding his relevant conduct with respect to the offenses of which he was convicted); *see also United States v. Chee,* 110 F.3d 1489, 1494 (9th Cir.1997) (upholding district court's denial of adjustment where defendant did not timely provide complete information regarding his involvement in the offense).

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Hernandez–Galvez does not appeal the district court's conclusion that he was ineligible for the additional point pursuant to U.S.S.G. § 3E1.1(b)(2), because he failed to timely notify authorities of his intention to enter a guilty plea.

We conclude that the district court did not clearly err by denying the additional point. *See* U.S.S.G. § 3E1.1, comment. (n.5) (noting that the sentencing court's determination of acceptance of responsibility is entitled to "great deference" on review); *cf. United States v. Hopper,* 27 F.3d 378, 382 (9th Cir.1994) (applying deferential standard to district court's determination under section 3E1.1(b)(1)).

AFFIRMED.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.