**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carlos NUNEZ–INZUNZA,**
**Defendant—Appellant.**

**No. 01–50076.**
**D.C. No. CR–00–00173–MJL.**

United States Court of Appeals,
Ninth Circuit.

Submitted, May 30, 2002.*

Decided July 10, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Carlos Nunez–Inzunza was convicted by a jury of one count each of attempted entry after deportation in violation of 8 U.S.C. § 1326, and willfully misrepresenting to an INS inspector that he was a United States citizen in violation of 18 U.S.C. § 911. He appeals his conviction and sentence of eighty-four months' imprisonment, claiming that the district court abused its discretion in denying him a mistrial, and erred in enhancing his sentence for his previous conviction of an aggravated felony, when it was not charged in the indictment or proven beyond a reasonable doubt at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying the motion for a mistrial. Nunez based his motion on a government witness's inadvertent mention that Nunez "had been involved in different types of criminal activities." The government does not dispute that this was improper under *United States v. Blanco–Gallegos,* 188 F.3d 1072, 1075 (9th Cir. 1999). The district court, however, cured any error when it immediately told the jury to disregard the improper evidence, and later instructed the jury that the evidence must not be considered. Further, the vague statement did not include any indication that Nunez had committed felonies. The overwhelming evidence against Nunez made the error harmless. *See id.* at 1076.

It did not violate due process for the court to use Nunez's aggravated felony conviction to enhance his sentence, although the conviction was not alleged in the indictment and proved at trial beyond a reasonable doubt. We held that prior convictions need not be proven to the jury in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). It makes no difference that he did not admit the felony on the record, or that he went to trial instead of pleading guilty. *See United States v. Echavarria–Escobar,* 270 F.3d 1265, 1272 (9th Cir.2001) (*Pacheco–Zepeda* applies even when defendant does not admit his prior felony), *cert. denied,* —— U.S. ——, 122 S.Ct. 1943, 152 L.Ed.2d 847 (2002); *United States v. Ochoa–Gaytan,* 265 F.3d 837, 846 (9th Cir. 2001) (applying *Pacheco–Zepeda* when defendant went to trial).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.