**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hugo Jesus RAMIREZ–ARANGO,
Defendant—Appellant.**

No. 01–30380.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before: SCHROEDER, Chief Judge,
and TASHIMA and RAWLINSON,
Circuit Judges.

MEMORANDUM**

Hugo Jesus Ramirez–Arango appeals his jury trial conviction of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). He argues that the district court erred when it granted the government's motion *in limine* to suppress evidence that Ramirez–Arango applied for

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a pardon from his underlying conviction before his reentry. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We affirm.

The government moved for suppression of the pardon application on several grounds. The district court granted the motion on the ground that it was clear from the face of the application that Ramirez–Arango was ineligible for a pardon until after the date of his reentry. We review rulings suppressing evidence *in limine* for abuse of discretion. *United States v. Ravel,* 930 F.2d 721, 726 (9th Cir.1991).

Ramirez–Arango's trial defense consisted of a denial of the government's charge that he lacked permission to reenter. *Cf. United States v. Corona–Garcia,* 210 F.3d 973, 976 n. 1 (9th Cir.2000) (listing elements of illegal reentry offense). To prove its charge, the government introduced evidence that the Attorney General's records show no such grant of permission and that Ramirez–Arango confessed to having neither requested nor received such permission. Ramirez–Arango argues that his pardon application is relevant to his defense because it casts doubt on the government's proof. This argument has no merit.

A request for permission to reenter may be relevant to cast doubt on whether that permission was granted. *Corona–Garcia,* 210 F.3d at 979 n. 3. As the government correctly noted in its motion *in limine,* however, a pardon alone cannot constitute permission to reenter under § 1326(a). *See United States v. Blanco–Gallegos,* 188 F.3d 1072, 1075 (9th Cir.1999). Evidence that Ramirez–Arango requested a pardon, rather than permission to reenter, does nothing to undermine the government's

proof that Ramirez–Arango lacked permission to reenter. *See United States v. Click,* 807 F.2d 847, 850 (9th Cir.1987).

Although the district court granted the motion on a different ground, we may affirm on any ground raised before the district court. *Id.* at 850 n. 5.

Because evidence of Ramirez–Arango's pardon application is irrelevant to his defense, his alternate argument that its suppression prevented him from presenting a complete defense fails. *See United States v. Dorrell,* 758 F.2d 427, 430 (9th Cir.1985).

**AFFIRMED.**