**UNITED STATES of America,**

v.

**Santiago RAMIREZ–GONZALES,**
**Appellant.**

No. 04–1594.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on Oct. 1, 2004.

Decided Nov. 30, 2004.

Office of United States Attorney, Wilmington, DE, for Appellee.

Christopher S. Koyste, Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before RENDELL, FUENTES, and SMITH, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Santiago Ramirez–Gonzales appeals his conviction for illegal reentry into the United States after felony conviction and deportation in violation of 8 U.S.C. § 1326. Ramirez–Gonzales maintains that the District Court's jury instructions failed to state the proper legal standard for the offense at issue, and that the government offered insufficient evidence to support a guilty verdict. *See* Br. of Appellant at 8. We will affirm.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. Ramirez–Gonzales was indicted and tried for illegal reentry into the United States after felony conviction and deportation, in violation of 8 U.S.C. § 1326.[1] *See* Br. of Appellant at 1. At trial, the United States offered the testimony of Special Agent Michael DeShaies from the Bureau of Immigration and Customs Enforcement. *See* Br. of Appellant at 3. Agent DeShaies testified that when he first encountered Ramirez–Gonzales in April 2003, Ramirez–Gonzales admitted that he had been deported from the United States in 1996. *Id.* at 3, 4. Ramirez–Gonzales disclosed to Agent DeShaies that he had come into the United States without a visa or passport and without passing through border inspection. *Id.* at 4. Agent DeShaies testified that after meeting Ramirez–Gonzales, he consulted Ramirez–Gonzales's "alien file," which the Immigration and Naturalization Service (INS) maintains for all aliens. *See* Br. of Appellee at 6. In addition to personal information, an alien file contains any correspondence an alien has made with the INS, including any application the alien has made for consent to reenter the country. *Id.* Agent DeShaies testified that Ramirez–Gonzales's alien file did not contain a letter of consent by the Attorney General permitting Ramirez–Gonzales's reentry into the country. *Id.* at 6, 7. After inquiring about Ramirez–Gonzales with the division of INS that maintains alien applications to reenter the country, Agent DeShaies obtained a Certificate of Nonexistence that certified that the government had not received an application from Ramirez–Gonzales for permission to reenter the United States. *Id.* at 7.

After the government rested its case, defense counsel produced a written motion for judgment of acquittal. *See* Br. of Appellant at 5. In it, Ramirez–Gonzales asserted that legislation creating the Department of Homeland Security (DHS) had transferred INS responsibilities to the DHS and that, instead of requiring consent from the Attorney General, the new legislation requires an alien to petition the Under Secretary for Border and Transportation Security ("Under Secretary") for permission to reenter the country. *See* 6 U.S.C. § 202. Defense counsel maintained that the government had offered insufficient evidence to show that Ramirez–Gonzales had not received consent to reenter the country from the Under Secretary. *See* Br. of Appellant at 5.

The District Court allowed the government to reopen its case. *Id.* The government elected to reexamine Agent DeShaies, who testified that even after INS responsibilities transferred to the DHS, official consent for an alien to reenter the United States after deportation, if it exist-

---

1. Conviction of the offense of illegal reentry after deportation requires proof that the accused is an alien who previously has been deported, has been found in the United States with the knowledge that he is in the United States, and has not received prior consent to reapply for admission into the country. 8 U.S.C. § 1326.

ed, would still be maintained in the individual's alien file. *See* Br. of Appellee at 10. Agent DeShaies testified that Ramirez–Gonzales's alien file contained no record of authorization for reentry by any federal agency or official, including the Under Secretary. *Id.* The District Court denied Ramirez–Gonzales's motion for judgment of acquittal. *See* Br. of Appellant at 6.

Ramirez–Gonzales requested that the Court instruct the jury that the government must prove that the Under Secretary did not consent to Ramirez–Gonzales's application to reenter the country. *Id.* at 7. The District Court instead instructed the jury that it must find that the government proved that "prior to returning to the United States, *an appropriate official of the United States* had not expressly consented to [Ramirez–Gonzales's] reapplying for admission." (Emphasis added). *Id.* The jury convicted Ramirez–Gonzales. *Id.* He was sentenced to 63 months imprisonment, followed by three years of supervised release. *Id.*

█ On appeal, Ramirez–Gonzales raises two arguments. *Id.* at 8. First, Ramirez–Gonzales asserts that the District Court abdicated its obligation to instruct the jury on the relevant law when the Court directed the jury that it must find that "the appropriate official of the United States" did not grant Ramirez–Gonzales consent to reenter the country. *Id.* Additionally, Ramirez–Gonzales argues that the United States offered insufficient evidence for the jury to find that he was not granted consent to reenter the country. *Id.* Our jurisdiction over this appeal from a final decision of the District Court is pursuant to 28 U.S.C. § 1291.

We review a trial court's jury instructions for abuse of discretion, considering whether, in light of the evidence, the charge as a whole fairly and adequately submitted the issues in the case to the jury. *United States v. Zehrbach,* 47 F.3d 1252, 1264 (3d Cir.1995) (en banc). "We must reverse if 'the instruction was capable of confusing and thereby misleading the jury.'" *Id.* (quoting *Bennis v. Gable,* 823 F.2d 723, 727 (3d Cir.1987)).

Defense counsel argues that in order for the jury to have made a meaningful finding of fact on the issue of whether there was consent to reapply for admission into the country, it must have been instructed that the only appropriate official to consent to Ramirez–Gonzales's application for reentry was the Under Secretary. *See* Br. of Appellant at 11. We disagree. The government offered evidence that no official of the United States, including the Attorney General and the Under Secretary, had granted Ramirez–Gonzales consent to reenter the country. In the context of the evidence presented to the jury over the course of the trial, the District Court's instructions provided the jury with what it needed to find that Ramirez–Gonzales had not obtained consent from the United States. Taken as a whole and viewed in light of the evidence presented, we find that the District Court's instructions fairly and adequately submitted to the jury the issue of whether Ramirez–Gonzales had received the requisite consent to reenter the United States.

Even if we were to conclude that the District Court should have determined and identified for the jury the specific official charged with the responsibility of consenting to Ramirez–Gonzales's application for reentry, any such error would be harmless. *See U.S. v. Vazquez,* 271 F.3d 93, 100 (3d Cir.2001). The uncontested evidence was that no federal agency or official consented to Ramirez–Gonzales's reentry.

█ In the alternative, Ramirez–Gonzales argues that the government offered insufficient evidence to support the jury's finding that he had not obtained consent to reenter the United States. *See* Br. of

Appellant at 13. Ramirez–Gonzales contends that the evidence was insufficient when the government initially rested its case, and that the District Court abused its discretion when it allowed the government to reopen. We find no abuse of discretion. The government's request was reasonable and, because Ramirez–Gonzalez had not yet presented any evidence, he was not prejudiced by the presentation of additional evidence by the government at that time. It is thus appropriate to review all the evidence submitted by the government.

In reviewing the sufficiency of evidence, we consider whether there is substantial evidence, viewed in a light most favorable to the government, to uphold the jury's decision." *United States v. Gambone*, 314 F.3d 163, 169–170 (3d Cir.2003). Because defense counsel called no witnesses, introduced no exhibits, and made no opening or closing statements, the jury was left to consider only the evidence offered by the government. The government offered the testimony of Agent DeShaies, who stated that although responsibilities had begun to pass from the INS to the DHS at the time, the procedures for filing an alien's request for reentry into the country did not change. *See* Br. of Appellee at 22, 23. Agent DeShaies testified that Ramirez–Gonzales's alien file would have indicated his application for consent to reenter the country if such application had been made. *Id.* The government presented to the jury a Certificate of Nonexistence of Record, which certified that no record of consent was maintained in Ramirez–Gonzales's alien file. *See United States v. Blanco–Gallegos*, 188 F.3d 1072, 1075 (9th Cir.1999) (finding a jury could reasonably infer from the lack of an application for reentry in an individual's alien file that no such application existed). Furthermore, Agent DeShaies testified that Ramirez–Gonzales had admitted illegally reentering the United States. We find that sufficient evidence was presented

to the jury for it to reasonably conclude that no consent was granted to Ramirez–Gonzales to reenter the country. Accordingly, we will affirm the judgment of conviction.