UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Guadalupe VARGAS–VICTORIA,
Defendant—Appellant.

No. 08–30358.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 3, 2009.*

Filed Sept. 11, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jane Hawkins Shoemaker, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Kristina Hellman, Assistant Federal Public Defender, FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Defendant Jose Guadalupe Vargas–Victoria ("Vargas") appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a). We affirm.

■ Even assuming admission of the certificate of non-existence of record, or CNR, violated the Confrontation Clause, the error was nonetheless harmless in this case because Special Agent Vela testified

at trial that he had personally searched Vargas's A–File and the Central Index System but found no record that Vargas had sought consent to reapply for admission. *See United States v. Blanco–Gallegos,* 188 F.3d 1072, 1075 (9th Cir.1999) (evidence A–File contained no record of alien's request for permission to reapply sufficient); *see also United States v. Earle,* 488 F.3d 537, 546 (1st Cir.2007) (Confrontation Clause error harmless because CNR cumulative of agent's testimony, who had personally reviewed A–File).

■ Nor did the district court abuse its discretion by denying Vargas's motion for a new trial. Vargas argued that the prosecutor had confused the jury by blurring the distinction between consent to reapply for admission and actual permission to reenter the United States. The jury here was properly instructed on the elements of the offense, and even if the prosecutor did occasionally mention consent to reenter rather than consent to reapply, we have previously held a similar error in a jury instruction to be harmless. *U.S. v. Cervantes–Flores,* 421 F.3d 825, 834–35 (9th Cir.2005).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.