FILED

**NOT FOR PUBLICATION**

MAR 02 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50541 |
| Plaintiff - Appellee, | D.C. No. CR-07-00602-TJW |
| v. | |
| RODOLFO VENCES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Rodolfo Vences appeals from the 41-month sentence imposed following his

guilty-plea conviction for being a deported alien found in the United States, in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm, but remand to correct the judgment.

Vences contends that the district court erred by applying a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(a)(A)(ii) because his prior conviction for a lewd and lascivious act on a child under 14, in violation of California Penal Code § 288(a), does not categorically qualify as a crime of violence. This contention is foreclosed by *United States v. Medina-Villa*, 567 F.3d 507, 509 (9th Cir. 2009).

Vences also contends that the district court procedurally erred by failing to adequately explain the sentence and by treating the guidelines range as presumptively reasonable. The record reflects that the district court did not commit significant procedural error. *See United States v. Carty*, 520 F.3d 984, 992-93, 994 (9th Cir. 2008) (en banc).

Finally, Vences contends that the sentence within the guidelines range is substantively unreasonable in light of the district court's application of a 16-level enhancement under U.S.S.G. § 2L1.2. Specifically, he argues that § 2L1.2 is facially invalid because it does not account for the staleness of a conviction and includes impermissible double counting. These arguments fail. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) ("It is not per se

unreasonable to apply the enhancement when the conviction is too stale to be counted for purposes of the criminal history."); *see also United States v. Blanco-Gallegos*, 188 F.3d 1072, 1076 (9th Cir. 1999). Moreover, in light of the totality of the circumstances, the sentence at the bottom of the Guidelines range is not substantively unreasonable. *See Carty*, 520 F.3d at 993, 995; *Cf. Amezcua-Vasquez*, 567 F.3d at 1055 (concluding that a sentence that included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) was substantively unreasonable where it failed to adequately reflect § 3553(a) considerations).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).

**AFFIRMED; REMANDED to correct the judgment.**