*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0042p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
　　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

FRANCISCO ROMERO-CASPETA,
　　　　　　　　　*Defendant-Appellant.*

No. 12-2690

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:12-cr-20376-1—Marianne O. Battani, District Judge.

Decided and Filed: February 28, 2014

Before: BATCHELDER, Chief Judge, GRIFFIN, Circuit Judge; BELL, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** George B. Washington, SCHEFF, WASHINGTON & DRIVER, P.C., Detroit, Michigan, for Appellant. Robert Metzgar, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BELL, District Judge. Defendant-Appellant Francisco Romero-Caspeta appeals his conviction by a jury of one count of Illegal Reentry of Removed Alien, 8 U.S.C. § 1326(a). Appellant challenges the district court's denial of his motion for a judgment of acquittal and its inclusion of a jury instruction that, he maintains, undermined his defense. A single issue is before the Court: after the expiration of the five-year period during which a removed alien must obtain express consent of the Attorney General before reentering the United States, may the removed alien reenter the United States

_____

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

without express consent without violating 8 U.S.C. § 1326(a)?  This question has been answered by our sister circuits in the negative, and today, for the reasons that follow, we join them.  We therefore affirm Appellant's conviction.

**I.**

Appellant is a Mexican citizen born in 1973.  On March 16, 1999, he attempted to enter the United States at a border crossing in Texas using a border pass issued to another individual.  On March 17, 1999, he was sentenced to 90 days of custody and 2 years of supervised release for violating 8 U.S.C. § 1325(a)(3).  This sentence was suspended and he was escorted across a bridge back to Mexico.  He was given an Order of Removal instructing him that he was prohibited from re-entering the United States for a period of five years and that if he wished to re-enter the United States he would first need to obtain the permission of the Attorney General.  The Notice further included the following warning, in bolded, offset text:

> WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent.  Any alien who violated [sic] this section of law is subject to prosecution for a felony.

In April of 2012, Appellant was convicted of a traffic offense in Detroit, Michigan, at which time U.S. Immigration and Customs Enforcement agents detained him.

Appellant was charged with unlawful reentry under 8 U.S.C. § 1326(a), which required the government to prove that he was (1) an alien; (2) who had been removed; (3) and reentered the United States; (4) without the consent of the Attorney General. *United States v. Mendoza-Mendoza*, 239 F. App'x 216, 217 (6th Cir. 2007).  At trial, Appellant did not dispute the underlying facts of the government's case.  Rather, he argued that once more than five years had elapsed since his removal, § 1326(a), when read in conjunction with 8 U.S.C. § 1182(a)(9)(A)(i) and (iii), did not require him to obtain the advance consent of the Attorney General prior to reentry.  Appellant moved for judgment of acquittal on this basis. The district judge denied his motion.  The district

judge also instructed the jury, over Appellant's objection, that at the time he was found in the United States he ". . . still need[ed] the permission of the Attorney General to re-enter the United States." The jury returned a guilty verdict.

**II.**

We review appeals from motions for a judgment of acquittal de novo. *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003). We review a claim of error in instructing the jury by analyzing whether the instruction, considered as a whole, "fails accurately to reflect the law," is "misleading," or gives an "inadequate understanding of the law." *United States v. Wuliger*, 981 F.2d 1497, 1501 (6th Cir. 1992) (citation omitted).

Appellant does not contest that he is an alien who was removed from the United States and who reentered without the consent of the Attorney General. His sole contention on appeal is that § 1326(a)(2)(B) provides a defense to criminal liability under § 1326(a): namely, that because Appellant's order of removal specified a five-year period during which he was required to seek the Attorney General's consent to reenter the United States, he was "not required to obtain such advance consent under this chapter or any prior Act" after that period expired. 8 U.S.C. § 1326(a)(2)(B). Appellant specifically points to 8 U.S.C. § 1182(a)(9)(A)(i) and (iii), arguing that this section says "that the advance consent of the Attorney General is only needed for five years after the alien's removal—period, stop, end of sentence."

While this Court has never explicitly construed the effect of the five-year exclusionary period of § 1182 on § 1326, the Fourth and Fifth Circuits have. In *United States v. Bernal-Gallegos*, 726 F.2d 187 (5th Cir. 1984), the Fifth Circuit examined the same issue before this Court today. Noting that the legislative history of § 1182 did not show Congressional intent to amend § 1326 and the principle disfavoring judicial amendment of a statute, the court held that § 1182 does not impose a limit on § 1326. *Id.* at 188. Specifically, the court held that under § 1326, a removed alien was criminally liable if he did not have the express consent of the Attorney General at any time after his removal, regardless if the five-year exclusionary period had expired. *Id.* The court

explained that § 1182 would only serve as a defense to § 1326 liability if, after the expiration of the five-year exclusionary period, the alien had obtained a visa, with or without the express consent of the Attorney General. *Id.*

Applying this reasoning to a similar case, the Fourth Circuit held that the mere fact that a visa might be available to a removed alien under § 1182 after the five-year exclusionary period expires is not a defense to § 1326 liability if the alien has not actually applied for such a visa. *United States v. Joya-Martinez*, 947 F.2d 1141, 1144 (4th Cir. 1991). Appellant attempts to distinguish these cases on the basis that these defendants were both arrested for crimes in the United States and then deported, whereas he was found to be inadmissible on the basis of fraud and prevented from ever entering the country. Our sister circuits' reasoning, however, did not rely on *why* the aliens in those cases were removed. The reasoning rather focused on the interplay between two provisions of Title VIII of the United States Code. We find such reasoning persuasive.

We hold, therefore, that 8 U.S.C. § 1326 "continues to articulate all the elements necessary to prove a violation," including the requirement that a previously removed alien obtain the Attorney General's advance consent before reentry occurs, unless such consent is not required. *Joya-Martinez*, 947 F.2d at 1144. Contrary to Appellant's argument, 8 U.S.C. § 1182(a)(9)(A)(i) and (iii) do not eliminate the requirement that a removed alien seeking reentry must first seek the approval of the Attorney General before actually reentering. Rather, § 1182(a)(9)(A) merely sets forth criteria for admission of a previously removed alien. Under § 1182(a)(9)(A)(i), a previously removed alien is categorically inadmissible for the first five years after such removal, but can nonetheless seek readmission with the express consent of the Attorney General during that time period under § 1182(a)(9)(A)(iii). Section 1182 does *not* give a previously removed alien carte blanche to reenter the United States at his leisure five years or more after he has been removed without the express consent of the Attorney General.

Applying this holding to the facts of the instant case, we conclude that Appellant is not entitled to relief. None of the facts underlying Appellant's prosecution are

disputed.  The arguments before this Court are solely legal in nature.  The Court has determined that under the law, Appellant was required to obtain the express consent of the Attorney General prior to entering the United States in order to have a defense to prosecution under 8 U.S.C. § 1326(a).  Because it is uncontested that Appellant was not in the United States legally, he has no defense as a matter of law.  Therefore, under de novo review, we hold that the district court correctly denied Appellant's motion for judgment of acquittal.  Consequently, we also hold that the contested jury instruction accurately reflected the law.

### III.

For the foregoing reasons, Appellant's arguments that he has a cognizable defense to his conviction under 8 U.S.C. § 1326(a) are without merit.  Having conducted a de novo review of the facts and law, we affirm the judgment of the district court.