**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Guadalupe ALVISO, Defendant–
Appellant.**

**No. 97–10100.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1998.

Decided Aug. 26, 1998.

As Amended Oct. 14, 1998.

Mark J. Reichel, Assistant Public Defender, Sacramento, California, for defendant-appellant.

Robin R. Taylor, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: BRUNETTI, TASHIMA, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

A jury convicted defendant of violating 8 U.S.C. § 1326(a) (being a deported alien found in the United States without permission)[1] and 8 U.S.C. § 1326(b)(1) (being such an alien after having been deported following a felony conviction).[2] Defendant appeals, asserting that: (1) the government violated his Fifth Amendment rights by failing to prove that it had found him on the date specified in the indictment; and (2) the district court erred by admitting evidence of his prior felony convictions. We affirm defendant's conviction for violating 8 U.S.C. § 1326(a) but

---

**1.** The version of 8 U.S.C. § 1326(a) (1994) that applies to defendant provides:

(a) Subject to subsection (b) of this section any alien who -

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

**2.** The version of 8 U.S.C. § 1326(b)(1) (1994) that applies to defendant provides:

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

(1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both[.]

reverse his conviction for violating 8 U.S.C. § 1326(b)(1).

## FACTUAL AND PROCEDURAL HISTORY

On February 22, 1993, defendant pleaded guilty to and was convicted of two crimes: assault by means of force and unlawful sexual intercourse. After defendant finished serving his state sentence, on January 31, 1995, the Immigration and Naturalization Service ("INS") deported him. Thereafter, defendant returned to the United States without permission.

The government then prosecuted defendant for violating 8 U.S.C. §§ 1326(a) and (b)(1). Before trial, defendant moved to exclude evidence of his prior felony convictions. He agreed to stipulate to the *existence* of the convictions and argued that the *nature* of the convictions was not admissible. The district court delayed ruling on defendant's motion.

During trial, defendant renewed his objection, arguing that evidence of his prior convictions was not relevant and that, even if the evidence was relevant, its prejudicial effect substantially outweighed its probative value. The district court overruled the objections. First, the court held that the prior convictions were relevant to one of the charged offenses, 8 U.S.C. § 1326(b)(1). Second, the court held that defendant's opening statement suggested that defendant did not in fact agree to stipulate to the existence of the prior convictions.

After the government rested its case, defendant twice moved for acquittal, arguing in part that the government had failed to prove that it had found him on the date specified in the indictment. The district court denied the motions. Thereafter, the jury convicted defendant of both charges, and this appeal ensued.

## VARIANCE BETWEEN THE INDICTMENT AND THE PROOF

■ Defendant argues that the government failed to prove that it had found him on

3. Defendant brings to this court no hearsay or other objection to the agent's testimony.

4. Fed.R.Evid. 401 provides:

or about July 10, 1995, the date specified in the indictment. We are not persuaded.

■■ In reviewing a denial of a motion for acquittal, we consider whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the contested element beyond a reasonable doubt. *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir.1998), *petition for cert. filed*, —— U.S.L.W. —— (U.S. July 16, 1998) (No. 98–5309). With respect to the date, the government need prove only that the defendant was physically located "reasonably near" the date specified in the indictment. *See United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997) ("The government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date."). Here, the evidence permitted the jury to find that the government had physically located defendant "reasonably near" July 10, 1995.

The INS agent in charge of defendant's case testified that, "around" July 1995, he became aware that defendant had been deported, that he had been convicted of a felony before being deported, and that he was back in the United States illegally.[3] Also in July 1995, the INS agent applied for and was issued an arrest warrant for defendant. The agent testified that the reason why the INS did not arrest defendant then was that defendant was in custody at Wasco State Prison in Kern County, California. That evidence permitted the jury to find that the INS had physically located defendant in July 1995, which is a date "reasonably near" July 10, 1995. Therefore, defendant was not entitled to an acquittal on the ground asserted.

## ADMISSIBILITY OF EVIDENCE OF DEFENDANT'S PRIOR FELONY CONVICTIONS

As noted, defendant also objected to the introduction of evidence of his prior felony convictions, on two grounds: (1) the convictions were not relevant to his charged offenses, Fed.R.Evid. 401 and 402;[4] and (2)

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of

information about the nature of his convictions was unfairly prejudicial, Fed.R.Evid. 403,[5] because he agreed to stipulate to the existence of the convictions.

A. *Waiver*

 The government suggests that defendant waived his right to object to evidence of his prior convictions, because he allowed the court to read the indictment—which contained allegations regarding those convictions—to the jury during a pretrial proceeding. *See San Antonio Community Hosp. v. Southern Cal. Dist. Council of Carpenters,* 125 F.3d 1230, 1238 (9th Cir.1997) (holding that failure to object to the admission of evidence in a timely manner waives the objection). An indictment presented at a pretrial proceeding is not evidence, however. *See United States v. Ramirez,* 710 F.2d 535, 545 (9th Cir.1983) ("The trial court properly instructed the jury ... that the indictment is not evidence."); *United States v. Garcia,* 988 F.2d 965, 968 (9th Cir.1993) ("Here the defense did not introduce any criminal conviction into evidence. Counsel merely referred to it during voir dire.").

That being so, defendant's failure to object to the non-evidentiary mention of his prior convictions did not waive his right to object to their admission. *See Garcia,* 988 F.2d at 967–68 (holding that a defendant did not waive his right to object to the admission of evidence of his prior conviction, even though he had mentioned the conviction during voir dire). Defendant objected before trial and twice during trial. Those objections were timely and sufficient.

B. *Standard of Review*

 We review the district court's evidentiary rulings for abuse of discretion. *Masson v. New Yorker Magazine, Inc.,* 85 F.3d 1394, 1399 (9th Cir.1996). A district court abuses its discretion when it makes an

error of law or rests its decision on clearly erroneous findings of material fact. *United States v. Washington,* 98 F.3d 1159, 1163 (9th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 44, 139 L.Ed.2d 11 (1997).

C. *Relevance*

 A defendant's prior conviction is relevant and admissible when such a conviction is an element of a defendant's charged offense. *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 649–50, 136 L.Ed.2d 574 (1997). As noted, the government charged defendant with: (1) being a deported alien found in the United States without permission, 8 U.S.C. § 1326(a); and (2) being such an alien after having been deported following a felony conviction, 8 U.S.C. § 1326(b)(1). The district court held that the latter charge was a separate offense, which required the government to prove that defendant had been convicted of a felony. *See United States v. Gonzalez–Medina,* 976 F.2d 570, 572 (9th Cir.1992) ("[S]ections 1326(a) and 1326(b)(1) (and, a fortiori, 1326(b)(2)) constitute separate crimes."). Thus, the district court admitted evidence of defendant's prior felony convictions. That holding is no longer good law due to a recent Supreme Court case.

After the parties briefed this case, the Supreme Court decided *Almendarez–Torres v. United States,* —— U.S. ——, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In *Almendarez–Torres,* the defendant was convicted of and sentenced for (1) being a deported alien found in the United States without permission, 8 U.S.C. § 1326(a), and (2) being such an alien after having been deported following an aggravated felony conviction, 8 U.S.C. § 1326(b)(2). *Id.* —— U.S. at ——, 118 S.Ct. at 1222. The defendant argued that his indictment was flawed, because it did not mention his prior convictions. *Id.* —— U.S. at

---

the action more probable or less probable than it would be without the evidence.
Fed.R.Evid. 402 provides:
All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

5. Fed.R.Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

——, 118 S.Ct. at 1222–23. The Supreme Court held that the aggravated felony provision, 8 U.S.C. § 1326(b)(2), was *not* a separate criminal offense but, instead, provided only a sentencing enhancement for a violation of 8 U.S.C. § 1326(a). *Id.* —— U.S. at ——, 118 S.Ct. at 1226. Thus, the indictment was sufficient, because a prior conviction was not an element of the charged offense and the government need not mention a sentencing enhancement in the indictment. *Id.* —— U.S. at ——, 118 S.Ct. at 1222.

Although *Almendarez–Torres* involved interpretation of 8 U.S.C. § 1326(b)(2) only, the Court's analysis suggests that both 8 U.S.C. §§ 1326(b)(1) and (b)(2) are merely sentencing provisions. First, Congress passed 8 U.S.C. §§ 1326(b)(1) and (b)(2) at the same time. The provisions are essentially identical, except that § 1326(b)(2) governs more serious prior crimes and provides for a more severe penalty. Second, the Supreme Court's analysis in *Almendarez–Torres* focused on subsection (b) *as a whole* rather than on any peculiar features of 8 U.S.C. § 1326(b)(2). *See, e.g., id.* —— U.S. at ——, 118 S.Ct. at 1225 ("If, however, Congress intended subsection (b) to provide additional penalties, the mystery disappears. The words 'subject to subsection (b)' and 'notwithstanding subsection (a)' then are neither obscure nor pointless."). Thus, the Court's reasoning applies equally to 8 U.S.C. § 1326(b)(1).[6]

Title 8 U.S.C. § 1326(b)(1) does not state a separate offense, and a prior felony conviction is not an element of the offense described in 8 U.S.C. § 1326(a). In the circumstances presented, we are aware of no other basis for admitting the evidence of defendant's prior convictions. Accordingly, the district court erroneously admitted that evidence.

## HARMLESS ERROR

■ We must reverse defendant's conviction for violating 8 U.S.C. § 1326(b)(1), because that provision does not state a separate offense. However, we need not reverse defendant's conviction for violating 8 U.S.C. § 1326(a), despite the district court's error, if the error was harmless. *See United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (applying harmless-error analysis to the district court's erroneous admission of evidence of a defendant's prior conviction).

■ When a district court erroneously admits a prior conviction, the government must prove that the prejudice that the error caused was, more probably than not, harmless. The government satisfies that requirement by providing a "fair assurance" that the error did not substantially sway the verdict. *See id.* (applying those standards to the erroneous admission of evidence of prior convictions); *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir.1997) (applying those standards to violations of the attorney-client privilege).

The government has met that burden here. Defendant's prior convictions are unrelated to his current charge. That being so, it is not likely that the jury would have concluded that defendant was a "repeat offender" of similar acts. *See Old Chief,* 117 S.Ct. at 652 n. 8 ("It is true that a prior offense may be so far removed in time *or nature* from the current gun charge and any others brought with it that its potential to prejudice the defendant unfairly will be minimal.") (emphasis added). In this context, the overwhelming proof of defendant's guilt makes it unlikely that the erroneous admission of his prior convictions substantially swayed the jury's verdict.[7]

---

**6.** The Supreme Court did not decide whether 8 U.S.C. §§ 1326(b)(3) and (b)(4) are separate penalty provisions or merely sentencing enhancements, because: (1) Congress did not pass those subsections at the same time as (b)(1) and (b)(2), and (2) those subsections contain some different wording than the other two subsections. *See id.* —— U.S. at ——, 118 S.Ct. at 1227 ("[I]t is not obvious that the two new subsections to which petitioner points create new crimes (a matter on which we express no view)."). Likewise, we express no opinion on the question whether 8 U.S.C. §§ 1326(b)(3) and (b)(4) are separate penalty provisions or merely sentencing enhancements.

**7.** A detailed recitation of the evidence of defendant's guilt would not benefit the bench, the bar, or·the public.

## CONCLUSION

Defendant's conviction for violating 8 U.S.C. § 1326(a) is AFFIRMED. The case is REVERSED and REMANDED with instructions to vacate defendant's conviction for violating 8 U.S.C. § 1326(b)(1) and to resentence defendant under count 1.