UNITED STATES of America,
Plaintiff–Appellee,

v.

Dario SANCHEZ–GOMEZ,
Defendant–Appellant.

No. 96–50236, 96–50269.
D.C. Nos. CR–95–00503–CBM
CR–95–00504–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001 *.

Decided May 25, 2001.

---

1. Smith's motion to consider additional new authority is granted.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Dario Sanchez–Gomez appeals his guilty plea convictions and concurrent 77–month sentences imposed for transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Sanchez–Gomez's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sanchez–Gomez has not filed a pro se supplemental brief.

■ Counsel identifies the potential issue of whether the district court abused its discretion by failing to recognize its authority to downwardly depart on the basis of the minor nature of Sanchez–Gomez's prior aggravated felony. We lack jurisdiction to review this discretionary decision not to depart because the district court indicated it found no special circumstances warranting a departure and did not state that it lacked the authority to depart on this basis. *See United States v. Pinto*, 48 F.3d 384, 389 (9th Cir.1995) ("[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so.").

■ Counsel also identifies the potential issue of whether the application of U.S.S.G. § 2L1.2(b)(2) (mandating a 16–level enhancement for illegal reentry subsequent to an aggravated felony conviction) in this case violated the constitutional prohibition against cruel and unusual punishment. The district court's proper application of this guideline provision did not violate the Eighth Amendment because Sanchez–Gomez's sentence was less than the statutory maximum, and his sentence was not grossly disproportionate to his crime. *See United States v. Cupa–Guillen*, 34 F.3d 860, 865 (9th Cir.1994) (concluding that 100–month sentence for illegal reentry subsequent to an aggravated felony conviction did not violate Eighth Amendment).

■ Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), however, discloses that the district court's judgment in CR–95–00504–CBM also refers to 8 U.S.C. § 1326(b)(1) and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(b)(2), which do not define separate crimes. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998); *United States v. Alviso,* 152 F.3d 1195, 1199 (9th Cir.1998). We therefore AFFIRM the judgments, but REMAND in appeal 96–50269 with directions to correct the judgment by striking the reference to sections 1326(b)(1) and (b)(2), so that it will unambiguously reflect that Sanchez–Gomez was convicted of only one punishable offense pursuant to section 1326(a). *See* 28 U.S.C. § 2106; *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000).

The motion of Thomas Nishi, Esq. to withdraw as counsel of record is GRANTED.