**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricardo VILLA, Defendant–Appellant.**

No. 99–50214.

D.C. No. CR–98–02262–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Sept. 26, 2001.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before FERNANDEZ, KLEINFELD and McKEOWN, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM \*

Ricardo Villa appeals his conviction for Importation of Marijuana and Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. Villa argues that the district court erred in admitting the purported adoptive admission. We review a district court's evidentiary decision for abuse of discretion. *United States v. Alviso,* 152 F.3d 1195, 1198 (9th Cir.1998).

■ Before admitting a proffered admission by silence under Federal Rule of Evidence 801(d)(2)(B), the district court must find that "sufficient foundational facts have been introduced for the jury to reasonably conclude that the defendant did actually hear, understand, and accede to the statement." *United States v. Sears,* 663 F.2d 896, 904 (9th Cir.1981).

■ Here, the district court conducted an evidentiary hearing and considered evidence which may have sustained a jury finding that Villa was aware of his father's statement, but this evidence alone does little to establish "whether under the circumstances an innocent defendant would normally be induced to respond." *Id.* at 904, *citing United States v. Moore,* 522 F.2d 1068, 1075 (9th Cir.1975).

An adoptive admission should not be offered to the jury unless the district court first "determines that the evidence would sustain a finding by the jury that the defendant did accede to the accusatory statement." *Moore,* 522 F.2d at 1076. Considering the circumstances of the statement, including the timing, the conclusion of the prior interview by the officers, Villa's age, the presence of his father and their familial relationship, and Villa's

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

emotional state, the evidence in this case would not support such a finding.

REVERSED.