**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Raul MERCADO–ROSALES, Defendant—Appellant.**

No. 01–10348.

D.C. No. CR–00–00313–RLH.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 10, 2002 *.

Decided June 17, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Raul Mercado–Rosales appeals his 46–month sentence imposed following his guilty plea to unlawful reentry of a deported alien, in violation of 8 U.S.C. §§ 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Mercado–Rosales contends that the district court erred by relying on insufficient evidence of a prior aggravated felony (Assault with Intent to Commit Rape under Cal. Pen.Code § 220) to enhance his base offense level by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A).

We review de novo whether the aggravated felony provision of U.S.S.G. § 2L1.2(b)(1)(A) is applicable to a particular conviction for illegal re-entry after deportation under 8 U.S.C. § 1326(b). *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1142 (9th Cir.2001).

An enhancement under U.S.S.G. § 2L1.2(b)(1)(A) is proper where, as here, an unchallenged presentence report cites the statute defining the aggravated felony and that statute facially qualifies as an aggravated felony under federal sentencing law. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1162–65 (9th Cir. 2000); *see also* 8 U.S.C. § 1101(a)(43)(F) (defining aggravated felony as "a crime of violence"); 18 U.S.C. § 16 (defining "crime of violence" as an offense involving "the use, attempted use, or threatened use of physical force against the person or property of another").

Mercado–Rosales also contends that the district court erroneously believed it lacked the discretion to depart downward based on a proposed amendment to U.S.S.G. § 2L1.2 that, if adopted, would

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**526**

have provided for graduated enhancements to a defendant's base offense level based on the seriousness of the prior aggravated felony. The record shows, however, that the district court considered whether or not to depart downward based on the seriousness of Mercado–Rosales's prior aggravated felony and concluded that a downward departure was unwarranted. We therefore lack jurisdiction to review its decision. *See United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir.1997) (recognizing that where district court recognizes and exercises its discretion to deny a downward departure, appellate court lacks jurisdiction to review decision).

Mercado–Rosales further contends that the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that a prior aggravated felony conviction used to enhance a sentence for illegal reentry need not be charged in an indictment nor proved to a jury beyond a reasonable doubt). As Mercado–Rosales concedes, this Court has addressed and rejected this contention. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

We take notice of the fact that the district court's judgment also references 8 U.S.C. § 1326(b), which does not define a separate crime. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir.1998). We therefore affirm the judgment, but remand with directions to correct it by striking the reference to section 1326(b), so that the judgment will unam-biguously reflect that Mercado–Rosales was convicted of only one punishable offense pursuant to section 1326(a). *See* 28 U.S.C. § 2106; *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000).

AFFIRMED and REMANDED.