UNITED STATES of America,
Plaintiff—Appellee,

v.

Luis AGUILAR, aka Francisco Pena; aka Francisco Cuevas Pena aka Juan Sanchez–Zaragosa; aka Luis Aguilar–Zaragosa, Defendant—Appellant.

No. 07–10346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Sept. 9, 2008.

Hug, Circuit Judge, dissented and filed opinion.

---

Ian L. Garriques, Esq., Assistant U.S., Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carrie S. Leonetti, Eugene, OR, for Defendant–Appellant.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Luis Aguilar ("Aguilar") appeals his conviction and sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Aguilar contends that the district court improperly instructed the jury and mishandled questions from the jury. He also challenges a series of the district court's discovery and evidentiary rulings, including the admission of evidence of his prior convictions. Finally, Aguilar appeals his sentence as unreasonable and improper

given the circumstances of his case. We affirm the district court's jury instructions and affirm in part the district court's discovery and evidentiary rulings. However, we reverse the district court's admission of evidence of Aguilar's prior convictions and therefore vacate his conviction and remand for a new trial. Accordingly, we do not review the district court's handling of the jury questions or Aguilar's sentence.

We review the district court's evidentiary rulings for abuse of discretion, *United States v. Alviso*, 152 F.3d 1195, 1198 (9th Cir.1998), and review allegations of *Brady* violations *de novo*. *United States v. Holler*, 411 F.3d 1061, 1066 (9th Cir.2005).

*Jury Instructions*

■ 1. The district court did not improperly refuse to instruct the jury on 8 U.S.C. § 1325 as a lesser-included offense of 8 U.S.C. § 1326. Section 1325 requires elements that § 1326 does not and so is not a lesser-included offense of § 1326. Therefore, Aguilar was not entitled to the instruction. *See United States v. Flores–Peraza*, 58 F.3d 164, 166–68 (5th Cir.1995).

2. The district court adequately instructed the jury even though it failed to define "removal." Although the § 1326 element of "removal" includes physical removal, *see United States v. Bahena–Cardenas*, 411 F.3d 1067, 1074 (9th Cir.2005), Aguilar never argued that he was ordered deported but did not physically leave. As the issue was not fairly presented by the evidence, there was no reason to instruct the jury on it. *See United States v. Wilcox*, 919 F.2d 109, 113 (9th Cir.1990).

*Discovery and Evidentiary Rulings*

■ 1. The district court did not violate Aguilar's rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 215 (1963), when it denied discovery pertaining to the government's maintenance and use of immigration records. To prevail on a *Brady* claim, Aguilar must show that the information sought was sufficiently material to his defense such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Mere speculation as to the materiality of the immigration records is insufficient. *See Barker v. Fleming,* 423 F.3d 1085, 1099 (9th Cir.2005).

Here, Aguilar has not offered more than mere speculation that withheld information about the immigration records would have resulted in a different verdict, particularly given his ability to inquire into the record-keeping procedures on cross-examination. Accordingly, we deny this claim.

2. The district court's certification of the government's witness as an expert in fingerprint analysis and the admission of fingerprint evidence were not improper. The district court properly found the government's expert sufficiently qualified to testify as an expert in fingerprint analysis. Moreover, we have recently stated that "the reliability and admissibility of [inked fingerprints] is long-established," *United States v. Calderon–Segura,* 512 F.3d 1104, 1109 (9th Cir.2008), and find no reason to deviate from this determination.

■ 3. The admission of Aguilar's Alien–Registration Files ("A–Files") under the public records hearsay exception was not an abuse of discretion. That there were multiple A–Files does not necessarily indicate that the files lacked indicia of trustworthiness, as Aguilar's use of multiple aliases explains the multiplicity. Although it is questionable whether the A–File relating to the 1998 removal correctly identified Aguilar, any error by the district

court in admitting it was harmless, as the jury did not find that Aguilar was the alien named in that A–File.

■ Aguilar also urges the court to overrule *United States v. Bahena–Cardenas,* 411 F.3d 1067 (9th Cir.2005), and hold that admission of immigration records violates the Confrontation Clause under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As we are bound by *Bahena–Cardenas,* we hold that immigration records are not "testimonial," and are thus admissible.

4. The district court did not err by precluding Aguilar from presenting evidence about a shredding incident at an INS facility. The incident was only slightly relevant to Aguilar's case, and he had ample opportunity to present other evidence challenging the government's record-keeping practices. The district court's ruling that the risk of confusing the jury outweighed the minimal probative value of the evidence was not an abuse of discretion. *See United States v. Sua,* 307 F.3d 1150, 1153 (9th Cir.2002).

5. The district court improperly admitted evidence of Aguilar's prior convictions.

■ The parties agreed before trial that the convictions would not be presented to the jury. Only after Aguilar challenged the government's INS files, arguing that they were not his files, did the government seek, and the district court allow, admission of his prior convictions.

The probative value of the conviction documents was minimal. They linked, by alias and fingerprint identification, the convictions to specific INS files and the deportation orders therein. But the deportation orders still had to be linked back to Aguilar. Thus, the conviction documents provided only slight reinforcement of the evidence linking Aguilar to the INS files. On

the other hand, they were highly prejudicial. *See Thompson v. Borg*, 74 F.3d 1571, 1579 (9th Cir.1996) (Reinhardt, J., dissenting) ("We have consistently held that information regarding a defendant's prior convictions is *highly prejudicial*.") (emphasis in original).

The district court allowed the convictions into evidence on the ground that Aguilar had opened the door to such evidence by arguing that the INS files were not his. However, a defendant does not open the door to otherwise-inadmissible evidence simply by proffering a theory of the case that could be rebutted by such evidence. *See United States v. Sine*, 493 F.3d 1021, 1037–38 (9th Cir.2007). It thus was an abuse of discretion to admit the prior convictions under Fed.R.Evid. 403.

Although the admission of the prior convictions may well have been harmless, the government did not so argue on appeal. It has thus waived the argument. *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1100 (9th Cir.2005). This is not one of the exceptional cases in which "the harmlessness of the error is not reasonably debatable." *Id.* at 1101; *see also United States v. Jimenez–Ortega*, 472 F.3d 1102, 1104 n. 2 (9th Cir.2007) (per curiam). We therefore vacate the conviction and remand for a new trial.

REVERSED in part and REMANDED.

HUG, Circuit Judge:

I respectfully dissent.

I agree with the majority on all aspects except for those reasons set forth in section 5. The majority mentions an agreement of the parties that the convictions would not be presented to the jury. That agreement was in the prior trial that was dismissed as a mistrial. In that trial, the parties had discussed the possible admission of the convictions for the impeachment of Aguilar's testimony under Fed. R.Evid. 609. The parties agreed to a court ruling that the convictions would not be admitted unless Aguilar testified.

In this case, the convictions were not admitted for impeachment under Rule 609, but for their relevance under Fed.R.Evid. 404 to show that Aguilar was the alien who had been deported. When his attorney attacked the accuracy and validity of the INS files and records, the court, after several warnings that this continued attack could open the door to admission of the convictions for this purpose, did admit the convictions. Nothing in the record of this case shows the parties had entered a general agreement not to present the convictions to the jury, nor was such an argument made in the appellant's opening brief.

The majority incorrectly concludes that the probative value of the conviction record documents was minimal. The conviction records "linked, by alias and fingerprint identification, the convictions to specific INS files and deportation orders therein." *See infra* Section 5. The conviction records contained Aguilar's fingerprints and other identifying characteristics, as did the deportation orders. With these characteristics, the conviction records were important to establish that Aguilar was the person deported. The value of this connection was central to establishing Aguilar as the person deported. Therefore, the probative value of these records was very substantial.

Additionally, the majority incorrectly concludes the district court abused its discretion in admitting the prior convictions because Aguilar did not sufficiently open the door to allow the prior convictions. The government proffered the prior convictions to rebut Aguilar's contention that he was not the person deported in the deportation orders. The majority mini-

mizes Aguilar's contention of mistaken identity as a "proffered theory" of his case. However, this characterization misstates the actual nature of Aguilar's argument. Aguilar claimed that he was neither the person deported nor the person in the deportation documents as a matter of fact, not theory.

The majority relies upon *United States v. Sine,* 493 F.3d 1021, 1037–38 (9th Cir. 2007). As opposed to the situation in *Sine* where the defendant only made "passing reference" to an argument that the government claimed opened the door to questioning about otherwise inadmissible evidence, *id.* at 1037, Aguilar repeatedly referred to the alleged mistaken identity in the deportation orders. Aguilar did more than "proffer a theory" of his case; his identity in the deportation records was central to his defense. He continually attacked the validity of the records, contending that he was not the person in the deportation orders. This continual attack on the validity of the deportation records and Aguilar's identity as the person deported, after warnings by the court, led to the judge's order that Aguilar had opened the door to admission of the conviction records. Thus, the district court properly admitted the conviction records to rebut his arguments.