MEMORANDUM *
Kelly Agbonmoba David appeals his sentence of forty-six months following a jury trial and conviction for conspiracy to defraud the IRS, in violation of 18 U.S.C. § 371, and aiding and assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2). We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.
David argues that the district court improperly relied on police reports rather than court documents to determine that David’s prior theft conviction was admissible for impeachment purposes. David is correct. In order for a prior conviction to be admissible under Federal Rule of Evidence 609(a)(2), the burden is on the government to show facts demonstrating “that the particular conviction involved fraud or deceit.” United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir.1982). These facts must come from “information such as an indictment, a statement of admitted facts, or jury instructions.” Fed.R.Evid. 609, Advisory Committee’s Note. These details were also not admissible under Federal Rule of Evidence 608(b), as the government contends, because Rule 608(b) permits impeachment only by specific acts that have not resulted in a criminal conviction. United States v. Osazuwa, 564 F.3d 1169, 1173-75 (9th Cir.2009). However, David’s blanket statement on direct examination that he “would have never told anyone to falsify a document” opened the door to impeachment with details regarding a prior conviction involving the falsification of receipts to steal money from a former employer. See id. at 1175-1176; see also Byrd v. Maricopa County Sheriff’s Dept., 565 F.3d 1205, 1213 (9th Cir.2009) (“[E]vidence that may have been otherwise excluded under [the Federal Rules of Evidence] may become admissible based on events at trial.”). Furthermore, the evidence against David was overwhelming and David made damaging admissions on other points during his cross-examination. The government has met its burden that there is a “fair assurance” that any error in permitting the government to cross examine David regarding facts underlying the conviction did not “substantially sway the verdict.” United States v. Alviso, 152 F.3d 1195, 1199 (9th Cir.1998) (internal quotation marks omitted).
David also argues that the two-level sentencing enhancement for obstruction of justice under U.S.S.G. 3C1.1 based on perjury during trial was improper when *641 the district court stated findings for the enhancement in the sentencing memorandum and not at the sentencing hearing. The district court made adequate findings in the sentencing memorandum to support the imposition of the enhancement. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc) (holding that the district court is required to explain its reasons for its sentence “sufficiently to permit meaningful appellate review”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.