**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10643 |
| Plaintiff - Appellee, | D.C. No. CR-03-00042-FCD |
| v. | |
| JASON KEITH WALKER, aka Fade, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10653 |
| Plaintiff - Appellee, | D.C. No. CR-03-00042-FCD |
| v. | |
| SHANGO JAJA GREER, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior United States District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Jason Walker and Shango Greer (collectively "Defendants") challenge their convictions after a jury found them guilty of conspiring to conduct the affairs of an enterprise, an illegal street gang, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The jury also found Greer guilty of the substantive crime of conducting the affairs of the enterprise through a pattern of racketeering activity. *See* 18 U.S.C. § 1962(c). Because the parties are familiar with the facts of this case, we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its gatekeeping discretion when it determined that Vallejo Police Gang Crimes Detective Stephen Fowler's testimony was both reliable and relevant and thus admissible under Federal Rule of Evidence ("Rule") 702. *See United States v. Hankey*, 203 F.3d 1160, 1169–70 (9th Cir. 2000).

Detective Fowler's testimony regarding street intelligence was not admitted in violation of Rule 703, because that testimony did not reveal the substance of the conversations; Detective Fowler merely stated that he relied on these conversations when reaching his conclusion that the Pitch Dark Family ("PDF") was a criminal

2

street gang. *See* Fed. R. Evid. 703 (limiting the admission of the "facts or data" that underlie an expert's opinion). Nor was it an abuse of discretion for the district court to admit the substance of the co-defendants' admissions to being PDF members as a basis for Detective Fowler's opinion. It was apparent at the hearings in limine that Defendants planned to vigorously attack the basis for Detective Fowler's opinion—increasing the probative value of the "facts or data" underlying his opinion—and the district court took extra precautions to limit the prejudicial effect of its admission. *See* Fed. R. Evid. 703 advisory committee's note (recognizing that an adversary's attack on the basis for an expert's opinion may shift the balancing analysis required by Rule 703 and may also allow the proponent to introduce the evidence to "remove the sting" of the anticipated attack). The district court properly gave an adequate limiting instruction before Detective Fowler's opinion testimony directing the jury that it could not consider the basis for his opinion as substantive evidence. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984).

Detective Fowler's testimony also did not violate Defendants' Sixth Amendment right to confrontation. His testimony regarding modus operandi based on his years of gathering street intelligence on gang activities, coupled with the co-defendants' admissions, was introduced only as a basis for the opinion and not for

3

the truth of the information asserted therein—it was therefore not hearsay. *See* Fed. R. Evid. 801. Because the testimony was not hearsay, it did not implicate the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

The admission of Charles McClough's testimony pertaining to three conversations in which Defendants did not deny their participation in an alleged predicate racketeering act of murder is not reversible error. The district court certainly did not abuse its discretion when it admitted the testimony about the third challenged conversation. *See United States v. Sears*, 663 F.2d 896, 904 (9th Cir. 1981) (stating that the district court makes only a "preliminary or threshold determination" of admissibility under Rule 801(d)(2)(B), and the jury must then "decid[e] whether . . . the defendant actually heard, understood, and acquiesced in the statement"). Based on this conclusion, the admission of the testimony about the first two challenged conversations was harmless error.

The district court properly found that the other acts evidence of the destruction of a stereo and shooting at an inhabited dwelling, the altercation between an alleged PDF member and officers when police attempted to arrest Walker, and the assault of Phillip Gomez were admissible as evidence that was "inextricably intertwined" with the charged conduct. *See United States v.*

4

*Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (stating that Rule 404(b) is inapplicable when evidence arising from a "single criminal episode" is other acts evidence only because the defendant is "indicted for less than all of his actions" (internal quotation marks omitted)). The district court did not abuse its discretion by admitting the other acts evidence of the carjacking pursuant to Rule 404(b). *See United States v. Banks*, 514 F.3d 959, 976–77 (9th Cir. 2008). Although it was an abuse of discretion to admit the discovery of a personal use amount of heroin in Walker's apartment, the erroneous admission did not "substantially sway the verdict," making this error harmless. *United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir. 1998).

Special Agent French's statements about the truthfulness of Danyea Gray's testimony to the grand jury do not warrant reversal under the plain error standard. While it may have been improper for Special Agent French to comment on the credibility of Gray, *see United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), Defendants have not shown that this error caused prejudice in light of the strong, independent evidence of their involvement with the alleged racketeering organization, *see United States v. Romero-Avila*, 210 F.3d 1017, 1022–23 (9th Cir. 2000).

5

The prosecutor did not engage in misconduct when asking witnesses about the difficulty of testifying against Defendants or when asking Special Agent French about the potential consequences of the alleged instances of witness intimidation. The prosecutor did not give personal assurances as to the veracity of the witnesses, nor did he insinuate that extra-record material supported their testimony. Rather, the prosecutor refuted efforts by Defendants to impeach those witnesses. *See United States v. Nash*, 115 F.3d 1431, 1439 (9th Cir. 1997).

Furthermore, the prosecutor's questions to Special Agent French about his involvement with the investigation of the PDF, during which Special Agent French said he was distracted by two unrelated child abduction investigations, do not constitute vouching, because there was no government imprimatur as to the veracity of Special Agent French's responses. The prosecutor's reference to that testimony and a Zen philosopher in the rebuttal closing argument was an "invited response" to Defendants' assertions in their closing that the FBI was investigating only leads that conformed with its theory that PDF was a gang. *See United States v. Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992) (finding that the prosecutor's remarks were acceptable because they "merely rebutted defense counsel's repeated allegations that the prosecution had intimidated, coached, and bribed witnesses").

**AFFIRMED.**

6