FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT WILLIAM KYGER, | No. 11-35071 |
| Plaintiff - Appellant, | D.C. No. 6:07-cv- 00481-TC |
| v. | |
| STATE OF OREGON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Scott William Kyger, a former Oregon state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his medical needs and other constitutional violations.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because Kyger failed to introduce evidence sufficient to establish a genuine dispute of material fact as to any of his claims, and many of his claims are time-barred. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that Oregon's statute of limitations for such actions is two years); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (plaintiff must demonstrate he has suffered an actual injury to bring a claim for denial of access to courts); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (states are not "persons" subject to liability under § 1983); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claims); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (explaining deliberate indifference standard); *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998) (order) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

Kyger's objection to the magistrate's second Findings and

Recommendations was timely filed.  *See Douglas*, 567 F.3d at 1104 (holding that the *Houston* mailbox rule applies to § 1983 filed by pro se prisoners). Nonetheless, we conclude that Kyger was not prejudiced by the district court's failure to consider his objection before granting summary judgment, because Kyger objected only to a legal conclusion by the magistrate judge, and the district court clearly indicated that it conducted a de novo review of all legal principles. Moreover, Kyger's sole legal objection merely reiterated arguments presented in his opposition to the second motion for summary judgment.

The district court properly denied default judgement as to Richard Owens because the court lacks jurisdiction over a named defendant who has not been served.  *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).  The district court correctly concluded that Kyger was not prejudiced by the failure to serve Owens because no specific factual allegations were made against Owens in the complaint.

Kyger's remaining contentions, including those regarding equitable tolling, are unpersuasive.

**AFFIRMED.**