

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50063 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00074-AG-1 |
| v. | |
| ADAN RANGEL GARCIA, aka Omar Garcia, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 6, 2015**
Pasadena, California

Before: TASHIMA, TALLMAN, and NGUYEN, Circuit Judges.

Adan Garcia appeals his conviction for violation of 8 U.S.C. § 1326(a),

challenging several of the district court's evidentiary rulings. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Because the lawfulness or unlawfulness of Garcia's three prior deportations is not an element of the offense under § 1326, but is rather a basis to attack the initiation of the prosecution through a motion to dismiss, the district court did not abuse its discretion in granting the Government's Motion in Limine to preclude Garcia from offering evidence at trial about the asserted unlawfulness of his prior deportations. *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996) (en banc). To the extent Garcia sought to rely upon § 1326(d) to collaterally attack his prior deportations, he was required to file a timely pretrial motion to dismiss the information, which he failed to do. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014) ("[I]f actual physical removal or deportation is proven, a valid order of removal or deportation may be presumed in the absence of a collateral *pre-trial* challenge in the form of a motion to dismiss the indictment, or, as here, the information." (emphasis added)); Fed. R. Crim. P. 12(b)(3)(B) (requiring that "a defect in the indictment or information" "be raised by pretrial motion").

2. The district court admitted Garcia's prior felony conviction for possession of drugs for sale for impeachment purposes under Federal Rule of Evidence 609. It did not, however, articulate "specific facts and circumstances" as our case law requires to support its determination. *United States v. Portillo*, 699 F.2d 461, 464 (9th Cir. 1982) (stating that the district court's conclusory statement that the probative value

substantially outweighed the prejudicial effect was insufficient under Rule 609(b)). Instead, after twice denying the Government's Motion in Limine to admit Garcia's prior convictions, once Garcia testified on direct examination, the district court granted the Government's motion without any explanation, let alone an explanation of the specific facts and circumstances on which it relied under Rule 609(b). The district court thus abused its discretion in granting the motion without sufficient explanation.

Even under such circumstances, however, reversal is not required if the Government shows "that the prejudice that the error caused was, more probably than not, harmless." *United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir. 1998). Here, because the record "provid[es] a 'fair assurance' that the error did not substantially sway the verdict," *id.*, we conclude that the error was harmless.

3. "The trial judge ha[s] broad discretion to determine the bounds of relevant cross-examination." *United States v. Panza*, 612 F.2d 432, 437 (9th Cir. 1979). On direct examination, Garcia testified that he came to the United States in 2011 because he feared for his life. The district court appropriately ruled that the Government would be permitted to rebut this explanation by attempting to show that Garcia previously entered the United States without authorization because he wished to be with his family, and that his most recent entry was no exception. The Government

3

also permissibly probed on cross-examination Garcia's knowledge of the United States immigration system to show that he was aware of reasonable alternatives to illegal entry. Because the Government's questions were "'reasonably related' to the subjects covered by [Garcia's direct] testimony," the district court did not abuse its discretion in overruling Garcia's objections to the scope of the Government's cross-examination. *United States v. Hearst*, 563 F.2d 1331, 1340 (9th Cir. 1977).

**AFFIRMED.**