**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10160 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-08084-SMM-1 |
| v. | |
| BILLY CHARLEY YOUNG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen McNamee, Senior District Judge, Presiding

Submitted August 14, 2015[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and ROSENTHAL,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Billy Charley Young appeals his conviction on four counts of sexually abusing his minor daughter and stepdaughters. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## 1. The Expert Testimony

Young first argues that the district court erred in admitting the expert testimony of Carli Moncher, a forensic interviewer at the Flagstaff Medical Center's Safe Child Center. Young argues that the judge failed to perform the gatekeeping function required under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993), and Rule 702 of the Federal Rules of Evidence because he did not make express findings that Moncher's testimony was relevant and reliable; that Moncher was not qualified to testify under Rule 702; and that the prejudicial impact of her testimony outweighed the probative value, making it inadmissible under Rule 403.

Young did not raise these issues before trial. In a pretrial hearing, the district court discussed the subjects of Moncher's testimony, probing its relevance. Before Moncher testified, the district court reminded the parties that Moncher could not testify about syndromes unless they were recognized in the relevant literature, emphasizing the importance of peer review. During trial, Young made three objections to Moncher's testimony. Two of the objections addressed only

2

specific parts of Moncher's testimony and did not preserve the arguments Young raises here. *See United States v. Alatorre*, 222 F.3d 1098, 1104 n.7 (9th Cir. 2000). Young's third objection was that the court could not accept Moncher as an expert in front of the jury, as the prosecutor requested, because "[t]hat would be for the jury to decide." The district court agreed, saying that the jury would "get an instruction that you're to treat her like any other witness." The judge also stated that "as to her qualifications, yes, she meets the qualifications to offer her testimony under the Rules of Evidence," but Young's narrow objection did not preserve his arguments that Moncher's testimony failed to satisfy *Daubert* and Rules 403 and 702. Our review is for plain error. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012).

The record clearly supports the district court's finding that Moncher was qualified to testify. She had degrees in criminal justice and psychology, had been a forensic interviewer for almost six years, had interviewed more than 1,800 children,  and had "specialized knowledge" about "[t]he process of victimization" and "[t]he process of disclosure." The district court did not make explicit relevance and reliability findings, but if the failure to do so was error, it was not plain and was clearly harmless. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir.), *cert. denied*, 135 S. Ct. 55 (2014) (holding that when the

3

district court fails to make an explicit reliability determination, this court may do so on appeal if the record is sufficient); *see also United States v. Jawara*, 474 F.3d 565, 583 (9th Cir. 2006, amended 2007).

Moncher testified that child sexual-abuse victims often have a "difficult time" reporting their abuse; that when they do disclose the abuse, it is often "in an imprecise fashion" and without detail; and that "delayed disclosures, piecemeal disclosures and/or even recanted disclosures," are "coping mechanism[s]."  We have held that similar testimony about the "general behavioral characteristics" of child sexual-abuse victims, rather than about the particular victims in a case, is not improper bolstering.  *See United States v. Bighead*, 128 F.3d 1329, 1330 (9th Cir. 1997) (quoting *United States v. Hadley*, 918 F.2d 848, 853 (9th Cir. 1990)). Moncher's testimony was helpful and probative because Young had attacked the victims' credibility based on their delayed and incomplete reports of the abuse. Neither the record nor our precedent supports Young's arguments that Moncher's testimony should have been excluded as unreliable, not helpful to the jury, improper vouching, or unfairly prejudicial.  The admission of the expert testimony presents no reversible error.

## 2. The Prior-Acts Evidence

Young also challenges the admission of evidence of additional uncharged acts of his sexual abuse of young girls. These acts included sexually abusing his nieces from 1970 to 1984 and his stepdaughter from 1983 to 1993, and sexually abusing a child in April 1992 while he was working as a schoolbus driver. Young was indicted for the 1992 incident and wrote a statement admitting that he had had sexual intercourse with a child, then 14, on the schoolbus. Young moved to preclude the prior-acts evidence. The district court held a hearing and ruled that the evidence was admissible under Rules 403 and 414.

Young appeals these rulings and, for the first time, also argues that the district court erred in failing to make a Rule 104(b) finding that the evidence related to specific crimes of sexual abuse of children. We review Young's preserved arguments under Rules 403 and 414 for abuse of discretion, *see United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001), and review his new argument under Rule 104(b) for plain error, *see Del Toro-Barboza*, 673 F.3d at 1152.

Young argues that the district court erred by failing to find, or to require the jury to find, that the Rule 414 evidence related to qualifying child-molestation crimes. Young did not make this argument before the district court, and explicit

findings about the Rule 414 evidence are not required. *See United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005). In any event, the record clearly shows that the prior-acts evidence did relate to qualifying child-molestation crimes.

Nor did the district court err in applying Rules 403 and 414 and the factors set out in *LeMay*, 260 F.3d at 1027–28. The past acts were similar to the charged conduct, involving young female victims who were related to Young or in his custody when the abuse occurred. The charged acts occurred between the 1980s and 2013, and the uncharged prior acts occurred between the 1970s and 1990s. The longest gap between the charged and uncharged acts was 16 years. *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (stating that there is no "bright line rule" precluding evidence that is remote in time (citing *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989))); *see also LeMay*, 260 F.3d at 1029 ("the lapse of twelve years does not render the decision to admit relevant evidence of similar prior acts an abuse of discretion" (citing *Rude*, 88 F.3d at 1550)). The prior-acts evidence corroborated the testimony of the victims of charged acts. *See LeMay*, 260 F.3d at 1028 ("the prior acts evidence was relevant to bolster the credibility of the victims after [the defendant] suggested they could be fabricating the accusations" and to "counter[] [the defendant]'s claim that there was no evidence corroborating the testimony of [the victims of the charged conduct]").

The district court did not err in concluding that the "strong prejudicial qualities" inherent in the prior-acts evidence did not substantially outweigh the "significant probative value." *Id.* at 1027 (citation omitted).

### 3. The Jury Instruction

Finally, Young argues that the district court should not have admitted his 1992 confession to sexually abusing a minor without instructing the jury that this evidence could not be used as proof of a propensity to truthfully confess. Because Young did not request an instruction to this effect, we review for plain error. *See United States v. Redlightning*, 624 F.3d 1090, 1120–21 (9th Cir. 2010).

The 1992 confession was properly admitted under Rule 414 to prove that Young had abused minors in the past. The district court's instruction was substantially similar to that given in *Redlightning*, in which we found no plain error. *See Redlightning*, 624 F.3d at 1121 (telling jurors that "evidence of the defendant's commission of another offense of sexual assault . . . may be considered for its bearing on any matter to which it is relevant"). "Because [Young]'s confession was properly admitted for one purpose and the jury received a proper instruction regarding that purpose, we cannot say that it was plain error for the jury to hear that evidence without being instructed that it could not use it for another

purpose." *Id.*[1]  And because the record "provid[es] a 'fair assurance' that the error did not substantially sway the verdict," *United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir. 1998), any error was harmless.

**AFFIRMED.**

---

[1]  Nor would the confession have shown a tendency to confess truthfully.  The 1992 confession related to a charge on which a jury acquitted Young.  To the extent it showed any propensity relating to confessions, it was that Young tended to confess to crimes he was not guilty of committing.