**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 14-10172 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00314-CKJ-JR-1 |
| v. | |
| **FELIX SANTIAGO LEMUS-RODRIGUEZ,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 14-10173 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01358-CKJ-JR-1 |
| v. | |
| **FELIX SANTIAGO LEMUS-RODRIGUEZ,** | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 10, 2015
San Francisco, California

Before: **KOZINSKI** and **TALLMAN**, Circuit Judges and **PIERSOL**,[**]
Senior District Judge.

1. The district court did not err by refusing to give Ninth Circuit Model Criminal Jury Instruction 9.8, which applies where a previously removed defendant is "found" in the United States. The government argued only that the defendant "reentered" the United States without permission. The district court properly instructed the jury using corresponding Model Criminal Jury Instruction 9.6, which applies to illegal reentry offenses. To the extent defendant complains that the indictment also charged him with being "found" in the United States, a district court may properly instruct the jury in a manner that narrows the indictment. See United States v. Miller, 471 U.S. 130, 144 (1985).

2. The district court didn't abuse its discretion by preventing defendant from introducing expert testimony about the unlikelihood of obtaining asylum from Mexico. Defendant sought to introduce this testimony in response to the prosecution's questions as to whether he considered legal alternatives to reentering the United States without permission. But defendant testified that he never

[**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court of South Dakota, sitting by designation.

investigated any alternatives.  Evidence about his likelihood of obtaining lawful admission through asylum was thus irrelevant.

**3.**  The district court didn't balance the probative value and prejudicial impact of admitting defendant's multiple prior removals under Federal Rule of Evidence 403.  But admitting the multiple removals wasn't error, even under de novo review.  See United States v. Moran, 493 F.3d 1002, 1012 (9th Cir. 2007).  Prior acts may be introduced "to show absence of duress."  United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir. 2004).  The multiple removals established a pattern of illegal reentry, which undermines defendant's claim that he was under duress when he crossed the border.  While the court admitted all instances of the defendant's prior removals, it gave a limiting instruction to the jury.  That instruction reduced or eliminated any prejudice the defendant may have suffered.  See United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982).

**4.**  The district court abused its discretion by admitting defendant's 2002 conviction for illegal reentry without conducting the proper balancing test under Federal Rule of Evidence 609(b)(1).  But that error was harmless because it's unlikely that the 2002 conviction "substantially sway[ed]" the jury to return a guilty verdict.  United States v. Alviso, 152 F.3d 1195, 1199 (9th Cir. 1998).  The

defendant admitted to reentering the United States without permission. The jury also likely disregarded defendant's duress defense because he admitted that he didn't face an imminent threat of harm before he crossed the border.

**5.** The record reflects sufficient awareness of the requirements of Federal Rule of Evidence 609(a)(1) to show that the district court didn't abuse its discretion in admitting the other prior convictions. See United States v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000). The court found the defendant's credibility to be central to the case and emphasized the importance of the government's ability to impeach him.

**6.** Because there weren't multiple trial errors, defendant can't succeed on his cumulative prejudice claim. See United States v. Geston, 299 F.3d 1130, 1138 (9th Cir. 2002).

**AFFIRMED.**